**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| DIE CASTERS INTERNATIONAL, INC., Plaintiff, v. THE UNITED STATES, Defendant. | No. 04-1113C (Judge Wolski) |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute plaintiff's characterizations of its claim and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits.

5. Admits the allegations in paragraph 5 that the Defense Nuclear Agency was the predecessor to the Defense Special Weapons Agency, which was the predecessor to the Defense Threat Reduction Agency; admits the remainder of the allegations contained in paragraph 5 to the extent supported by the contract cited, which

is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 5; avers that the document attached to the complaint as Exhibit A is incomplete.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Denies the allegations contained in paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. Denies the allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. Admits the allegations contained in the first sentence of paragraph 12 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 12. Denies the allegations contained in the second, third, and fourth sentences of paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.

13. Admits the allegations contained in paragraph 13 to the extent supported by the business plan cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the business plan cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the revised business plan cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in the first sentence of paragraph 16 to the extent supported by the supplemented

business plan cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 16. Denies the allegations contained in the second sentence of paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Denies the allegations contained in paragraph 19 that additional funds were promised by defendant to plaintiff; denies the remainder of the allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. Admits the allegations contained in paragraph 20 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20.

21. Admits.

22. Denies the allegations contained in paragraph 22; avers that plaintiff failed to contribute the capital that it was required to contribute under the contract and failed to create a

successful joint venture; further avers that the equipment was delivered to the Ukraine government pursuant to an agreement between the United States and the Ukraine government.

23. Admits the allegations contained in paragraph 23 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24; avers that plaintiff's claim is not valid and that plaintiff is not entitled to the amount of its claim.

25. Admits the allegations contained in paragraph 25 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Defendant's responses to paragraphs 1 through 26 of the complaint are incorporated by reference.

28. The allegations contained in paragraph 28 constitute conclusions of law to which no answer is required; to the extent

they may be deemed allegations of fact, they are denied.

29. Admits the allegations contained in paragraph 29 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30. Admits the allegations contained in paragraph 30 to the extent supported by the regulation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31. Denies the allegations contained in paragraph 31 that defendant's removal and disposition of the equipment was wrongful or illegal; the remainder of the allegations contained in paragraph 31 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

32. Admits the allegations contained in paragraph 32 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 32.

33. Denies the allegations contained in paragraph 33; avers that plaintiff was not entitled to any equitable distribution.

34. Denies.

35. Denies.

36. Defendant's responses to paragraphs 1 through 35 of the complaint are incorporated by reference.

37. The allegations contained in paragraph 37 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

38. Admits the allegations contained in paragraph 38 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 38.

39. Admits the allegations contained in paragraph 39 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 39.

40. Denies.

41. Denies.

42. Denies.

43. Defendant's responses to paragraphs 1 through 42 of the complaint are incorporated by reference.

44. Denies.

45. Denies.

46. Defendant's responses to paragraphs 1 through 45 of the complaint are incorporated by reference.

47. Denies.

48. Denies.

49. Denies.

50. Defendant's responses to paragraphs 1 through 49 of the complaint are incorporated by reference.

51. Denies.

52. Denies.

53. Denies that plaintiff is entitled to the relief set forth in the prayer for relief, or to any relief whatsoever.

54. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

55. Plaintiff's claim is barred by a failure of consideration.

56. Plaintiff's claim is barred by estoppel.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ *MARK A. MELNICK*
*by ROBERT E. KIRSCHMAN, JR.*
MARK A. MELNICK
Assistant Director

/s/ *WILLIAM K. OLIVIER*
WILLIAM K. OLIVIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-6288
Fax: (202) 514-7965
Email: william.olivier@usdoj.gov

Attorneys for Defendant

Dated: September 17, 2004