12. The UJVP was subsequently changed to Burevestnik (in association with another Ukrainian entity, TechnoMet). (A copy of a communication dated 25 July 1997 from Defendant to Plaintiff acknowledging the change of the UJVP is annexed hereto as Exhibit 2).

13. Plaintiff proceeded to perform in accordance with the terms and conditions of the Contract to acquire and provide the Equipment, but because of various factors including significant Contract changes, expended all the Contract funding prior to shipping and installing the Equipment in the Facility.

14. Awaiting the additional funds which had been promised by Defendant which were needed by Plaintiff to ship and install the Equipment at the Facility, Plaintiff stored the Equipment for its own account in Kiev, Ukraine and Tiraspol, Moldova.

15. At various times while the Equipment was in storage in Kiev, Ukraine and Tiraspol, Moldova, Defendant acknowledged and admitted Plaintiff's interests in the Equipment and the application of FAR 52.232-20 to the disposition of the Equipment, if the Contract were to be terminated. These admissions and acknowledgments include the following:

A. A May 5, 2000 Memorandum in which Defendant's Director of Cooperative Threat Reduction Policy recognized Plaintiff's interest in the Equipment. (A copy of said Memorandum is annexed hereto as Exhibit 3.)

B. A May 31, 2000 letter from Defendant's Contracting Officer which advised Plaintiff that it "is understood that DCI and others may have a financial interest in the equipment." (A copy of the letter is annexed hereto as Exhibit 4).

C. A June 2, 2000 letter from Defendant's Contracting Officer reiterating to Plaintiff that "DTRA has no intention of disregarding DCI's interest in the equipment." (A copy of the letter is annexed hereto as Exhibit 5).

D. A June 4, 2000 telephone conversation with Plaintiff's counsel, in which Defendant's Contracting Officer acknowledged that Plaintiff had ownership rights in the Equipment (A copy of Plaintiff's counsel's letter confirming said conversation is annexed hereto as Exhibit 6).

E. A June 13, 2000 letter from Defendant's Contracting Officer advising Plaintiff that it would close out the Contract in due course and that it would negotiate an "equitable distribution" of "all property produced or purchased under the contract, based upon the share of costs incurred by each party." (A copy of the letter is annexed to the Complaint (Exhibit 1 hereto) as Exhibit B).

F. A July 14, 2000 letter from Defendant requesting Plaintiff to submit the acquisition costs and the Plaintiff's contribution to same. Plaintiff responded by an e-mail of July 21, 2000. (A copy of Defendant's request and Plaintiff's response are annexed hereto as Exhibit 7). On July 21, 2000, Defendant's Contracting Officer, during a telephone conversation with your affiant, acknowledged the receipt and sufficiency of

Plaintiff's e-mail of July 21, 2000.

16. At times subsequent to October of 2001, Defendant, acting through its authorized contractors, and without Plaintiff's consent, took possession and control of Equipment that was stored in Moldova and the Ukraine.

17. Defendant, without Plaintiff's consent, shipped and delivered through its contractor, possession and control of the Equipment to the UJVP and other third parties. Upon further information and belief, Plaintiff did not receive any payments or other compensation from the party or parties to whom Defendant's contractor delivered the Equipment.

18. On April 14, 2003, Plaintiff was advised by Defendant's Contracting Officer that the contract "is considered closed". (A copy of the letter is annexed to the Complaint (Exhibit 1 hereto) as Exhibit C).

19. The Contract incorporates by reference FAR clause 52.232.20 (Apr 1984), entitled Limitation of Cost. (Contract, Exhibit A to Complaint, which is Exhibit 1 to this Affidavit at 10.)

20. Sub-section (h) of FAR 52.232-20 provides as follows:

> "If this contract is terminated or the estimated cost is not increased, the Government and the Contractor shall negotiate an equitable distribution of all property produced or purchased under the contract based upon the share of costs incurred by each." (*Id.*)