21. The wrongful and illegal removal and disposition of the Equipment by Defendant has effectively terminated the Contract. Upon termination of the Contract FAR 52.232-20(h) required the Defendant to negotiate with Plaintiff an "equitable distribution of all of the property produced or purchased under the contract based upon the share of costs incurred by each."

22. Notwithstanding (i) Defendant's acknowledgment and admissions of Plaintiff's rights in the Equipment and (ii) Defendant's acknowledgment and admission that FAR 52.232-20 applies (Supra ¶15 and Exhibits 3-7 inclusive), Defendant has continued to refuse to enter into such negotiations or to provide Plaintiff with its share of an "equitable distribution", although Plaintiff has on numerous occasions requested such negotiations and receipt of its "equitable distribution."

23. The Defendant's actions of illegally and wrongfully removing and disposing of the Equipment, without Plaintiff's consent and without either Plaintiff or Defendant receiving any compensation for same, have precluded the Plaintiff from attempting to establish a market value for the Equipment such as by offering to sell same in the market place.

24. In so much as the Equipment is unique and the value cannot be established by offering to sell it in the market place, the market value of the Equipment is difficult, if not impossible, to calculate.

25. However, as the graduate of Harvard University with a Masters of Business

Administration and having held various executive management positions with major corporations, including The Bendix Corporation and a subsidiary of Tiger International, I can say that the market value of the Equipment (including the embedded intellectual property) was equal to or greater than the costs incurred in the design and acquisition of same.

26. Notwithstanding the fact that the Equipment is very likely worth far more than the costs incurred in its design and acquisition, Count 1 of the Complaint and this Motion for Partial Summary Judgment seeks only to recover those portions of the incurred costs in the design and acquisition of the Equipment expended by the Plaintiff that have not been previously reimbursed by the Defendant, together with a reasonable profit on those incurred costs. (Ex. 1, ¶ 35).

27. Attachment A to the certified claims filed by Plaintiff with Defendant on February 25, 2004, details that the total costs incurred with respect to the design and acquisition of the Equipment were $5,955,933.32 of which $3,034,316.00 were reimbursed to Plaintiff by Defendant under the Contract. The balance of the incurred costs, $2,921,653.49, represents Plaintiff's share of the incurred costs and should be awarded as damages to Plaintiff under Count 1 of this action together with a reasonable profit of $438,248.02. (A copy of that Attachment is annexed hereto as Exhibit 8.)

28. The cover letter dated February 25, 2004 submitting Plaintiff's certified claims, the section of the claims entitled "Summary" and Document VV of Part III of said claims