IN THE UNITED STATES COURT OF FEDERAL CLAIMS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DIE CASTERS INTERNATIONAL, INC.,**

Plaintiff,

- against - NO.____________________

**UNITED STATES OF AMERICA,**

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## COMPLAINT

**COMES NOW** Plaintiff, Die Casters International, Inc. ("DCI"), by its attorneys, Goldberg and Connolly, and hereby files this Complaint appealing a deemed final decision of the Contracting Officer (the "Contracting Officer") of the Defense Threat Reduction Agency ("DTRA"), denying DCI's certified claims ("Claims") duly presented and filed with the Contracting Officer on February 26, 2004 with respect to Contract No. DNA001-95-C-0169 for Defense Conversion for the Ukraine (the "Contract"), and states as follows:

## JURISDICTION AND PARTIES

1. The United States Court of Federal Claims has jurisdiction to consider and determine this action pursuant to the Contract Disputes Act of 1978 U.S.C. §§ 601 - 613 and pursuant to 28 U.S.C. §1491.

2. This Complaint is timely as it is filed within twelve months of June 25, 2004, the date of the Contracting Officer's final decision denying DCI's Claims.

3. Plaintiff, DCI, is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in Wayne, New Jersey, and is a small business company that was formed to implement the formation of a die casting industry in the independent states of the former Soviet Union.

4. Defendant is the United States of America on behalf of the DTRA, an executive agency of the Federal government, established by 10 U.S.C. §111.

**FACTUAL ALLEGATIONS**

5. On October 27, 1995, the Defense Nuclear Agency ("DNA"), the predecessor in interest to the Defense Special Weapons Agency ("DSWA"), which in turn was the predecessor in interest to the DTRA, awarded the Contract to Plaintiff. (A copy of the Contract is annexed hereto as Exhibit A).

6. The Contract was a cost sharing contract with total original estimated costs of $4,100,427.00 of which the Defendant's share was $3,034,316.00 and Plaintiff's share was $1,066,111.00.

7. Pursuant to the Statement of Work, dated 95JUN21 ("SOW"), which was incorporated by reference into the Contract, Plaintiff was to provide capital equipment, material, training and business assistance/advisory services (hereinafter referred to collectively as the "Equipment") to a joint venture (hereinafter the "Joint Venture") to be established between Plaintiff and a Ukrainian Joint Venture Partner ("UJVP"). The UJVP was to supply an existing die casting

factory (the "Facility") which was to be improved by the installation of the Equipment designed and provided by Plaintiff.

8. The Joint Venture was to own and operate the modernized die casting Facility.

9. The UJVP was identified in the SOW as Meridian Joint Stock Company ("Meridian"). The UJVP was subsequently changed to Burevestnik (in association with another Ukrainian entity, TechnoMet), (hereinafter collectively referred to as "Burevestnik").

10. Pursuant to an agreement between Plaintiff and Meridian, Plaintiff was to receive a 50% interest in the Joint Venture as consideration for providing the Equipment and installation of same and the UJVP was to receive a 50% interest in the Joint Venture as consideration for providing the Facility. Plaintiff was also to receive control of the Board of Directors of the Joint Venture and was to be the exclusive distributor of products produced by the Joint Venture.

11. Pursuant to a later agreement between Plaintiff and Burevestnik, Plaintiff was to originally receive a 51.2% interest in the Joint Venture as consideration for providing the Equipment, services, expenses and cash. Burevestnik was to contribute the facility, equipment, tooling and dies, a backlog of orders and cash for the remaining interest in the Joint Venture.

12. The SOW further provided that the Joint Venture and the improved Facility that it would create would "serve as the groundwork for future business and/or joint ventures." The Facility was to be the model for the establishment by the Joint Venture of other die casting facilities in the Ukraine. These future business relationships would provide very substantial financial benefits to Plaintiff and were the consideration for Plaintiff making considerable investments pursuant to the cost sharing Contract with the Defendant. Plaintiff's substantial investments included, but were not limited to, the continued development of its intellectual