property produced or purchased under the contract based upon the share of costs incurred by each."

32. Defendant admitted this obligation to negotiate an "equitable distribution" in Defendant's Contracting Officer's June 3, 2000 letter (Exhibit B).

33. Although Plaintiff requested the negotiation of an "equitable distribution" Defendant has failed and refused to enter into such negotiations or to provide Plaintiff with its share of an "equitable distribution".

34. The failure and refusal of Defendant to negotiate and pay Plaintiff its share of an "equitable distribution" as required under FAR 52.232-20(h) constitutes a breach of the Contract on behalf of the Defendant.

35. By reason of Defendant's breach of the Contract, Plaintiff is entitled to recover damages from Defendant in the sum of $2,921,653.49, representing Plaintiff's costs incurred in connection with the Contract, in addition to a reasonable profit of $438,248.02.

**COUNT TWO - BREACH OF CONTRACT (DEFENDANT'S WRONGFUL AND ILLEGAL REMOVAL AND DISPOSITION OF THE EQUIPMENT WAS A BREACH OF THE CONTRACT PROVISIONS GOVERNING THE REQUIRED ULTIMATE USE OF AND TITLE TO THE EQUIPMENT)**

36. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 35 of the Complaint as if set forth fully herein.

37. At all relevant times, Defendant's conduct was governed by the terms, conditions and requirements of the Contract.

38. The Contract contains under Section H - SPECIAL CONTRACT REQUIREMENTS, Paragraph 5 entitled Use and Ownership/Disposition of Government - Provided Property.

39. Sub-section (a) of Paragraph 5 provides:

> "a. All property, equipment and materials acquired with United States (U.S.) Government funding under this Contract shall be acquired solely for the use of the joint venture, or business arrangement formed by the U.S. Contractor and the Former Soviet Union (FSU) enterprise partner in performance of the terms of this contract."

Sub-section (b) of Paragraph 5 provides in part:

> "Title and ownership of all property, equipment and materials acquired with U.S. government funding under this Contract shall vest with the joint venture upon conclusion of the Contract, as determined by the Contracting Officer. Prior to conclusion of the Contract, the U.S. Contractor is accountable for said items in accordance with standard government property clauses cited under SECTION I of this contract. Title and ownership of all property, equipment and materials provided by the U.S. Contractor or the FSU enterprise partner shall be determined in accordance with the terms of the agreement between said parties."

40. The Defendant's wrongful and illegal removal and disposition of the Equipment as alleged in paragraphs 21 and 22 constituted a breach of the provisions of Section H5 of the Contract.

41. By reason of Defendant's breach of the Contract, Plaintiff was precluded from contributing to the Joint Venture the Equipment worth at least $5,955,969.49 for which Plaintiff would have received its negotiated share of the Joint Venture and distribution rights.

42. By reason of Defendant's breach of the Contract, Plaintiff is entitled to recover damages from Defendant in the sum of $5,955,969.49, representing all of the costs incurred under the Contract together with a reasonable profit of $893,395.42.

**COUNT THREE - BREACH OF CONTRACT (DEFENDANT'S WRONGFUL AND ILLEGAL REMOVAL AND DISPOSITION OF THE EQUIPMENT WAS A BREACH OF THE CONTRACT PROVISIONS GOVERNING THE REQUIRED ULTIMATE USE OF AND TITLE TO THE EQUIPMENT AND THE INTENDED FUTURE BENEFITS OF THE PLAINTIFF)**

43. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 42 of the Complaint as if set forth fully herein.

44. By reason of Defendant's breach of the Contract, including but not limited to Defendant's wrongful and illegal removal and disposition of the Equipment to other than the Joint Venture, Plaintiff was wrongfully deprived of the ability to implement its previously disclosed and detailed business plans, for utilizing the Equipment and the resultant Joint Venture as Plaintiff's lynch pin in the formation of a die casting industry in the independent states of the former Soviet Union.

45. By reason of Defendant's breach of the Contract, Plaintiff is entitled to recover damages from Defendant in the sum of $103,147,275.80, representing anticipated lost profits related to these anticipated efforts that were fully disclosed and known to the Defendant.

**COUNT FOUR - BREACH OF CONTRACT (DEFENDANT'S ACTIONS WERE A BREACH OF THE IMPLIED COVENANTS OF GOOD FAITH AND FAIR DEALING)**

46. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 45 of the Complaint as if set forth fully herein.