> complete the contract within the allocated funds originally authorized. However, it is our understanding that all billings for this contract must be completed by the end of October, 1997, as per Section F, Paragraph 1, of the base contract. Therefore, we are requesting approval to continue billings against authorized amounts through January, 1998.

DCI's request was granted and Modification P00002 extended the term of the contract through 30 January 1998. It is clear that DCI understood the contract would end on 30 January 1998 and that the Government was not responsible for any payments in excess of the Government's maximum liability established in the contract at $3,034,316.00. While DCI made a number of attempts to secure additional funding and, apparently, incurred costs after 30 January 1998, the Contracting Officer never promised or authorized additional funding or granted any extensions to the January 1998 contract end date. Moreover, DCI was notified on at least three occasions that the Government had not committed to provide additional funding and, in fact, intended to close out the contract. Any additional costs incurred by DCI are the sole responsibility of DCI.

DCI claims that the Government wrongfully appropriated and disposed of the equipment purchased under the contract. DCI asserts that, "In the event the Contract is not completed, the contractual remedy is provided for under paragraph (h) of FAR 52.232-20 Limitation of Cost which provides for an "equitable distribution based upon the share of costs incurred" by each party. I disagree. The contract was, in fact, completed, albeit unsuccessfully. DCI was not able to perform under the contract and meet the contract objectives. In absence of successful completion, the contract ended by virtue of reaching both the end of the contract term and the maximum Government liability for reimbursement of costs.

Since a joint venture was never formed, the title and ownership provisions of special contract requirement number 5 had no effect. Instead, the Government Property clause of the contract governed the accountability and ownership for the purchased equipment. This clause specifies that:

> Title to all property purchased by the Contractor for which the Contractor is entitled to be reimbursed as a direct item of cost under this contract shall pass to and vest in the Government upon the vendor's delivery of such property.

The clause further requires the contractor to:

> Establish and maintain a program for the use, maintenance, repair, protection, and preservation of Government property in accordance with sound business practice and the applicable provisions of FAR Subpart 45.5.