3. On October 27, 1995, Defendant awarded the Contract DNA 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 (the "Contract") to Plaintiff. (Frederickson Moving Aff., ¶ 6).

4. The Contract was a cost sharing contract with total original estimated costs of $4,100,427.00 of which Defendant's share was $3,034,316.00 and Plaintiff's share was $1,066,111.00. (Frederickson Moving Aff., ¶ 7).

5. Under the Contract, Plaintiff was to provide capital equipment, material, training and business assistance/advisory services (hereinafter referred to collectively as the "Equipment") to a joint venture (hereinafter the "Joint Venture") to be established between Plaintiff and a Ukrainian Joint Venture Partner ("UJVP"). The UJVP was to supply an existing die casting factory (the "Facility") which was to be improved by the installation of the Equipment designed and provided by Plaintiff. The Joint Venture was to own and operate the modernized die casting Facility. (Frederickson Moving Aff., ¶ 8).

6. Plaintiff was required to make substantial investments which included the continued development of its intellectual property that was incorporated in the design of the Equipment and its business plans. (Frederickson Moving Aff., ¶ 10).

7. Plaintiff proceeded to perform in accordance with the terms and conditions of the Contract to acquire and provide the Equipment, but expended all the Contract funding

prior to shipping and installing the Equipment in the Facility. (Frederickson Moving Aff., ¶ 14).

8. Plaintiff had the Equipment stored for its own account in Kiev, Ukraine and Tiraspol, Moldova. (Frederickson Moving Aff., ¶ 14).

9. At various times while the Equipment was in storage in Kiev, Ukraine and Tiraspol, Moldova, Defendant acknowledged and admitted Plaintiff's interests in the Equipment and the application of FAR 52.232-20 to the disposition of the Equipment, if the Contract were to be terminated. (Frederickson Moving Aff., ¶ 15). These admissions and acknowledgments include the following:

A. A May 5, 2000 Memorandum in which Defendant's Director of Cooperative Threat Reduction Policy recognized Plaintiff's interest in the Equipment. (Frederickson Moving Aff., ¶ 15A).

B. A May 31, 2000 letter from Defendant's Contracting Officer which advised Plaintiff that it "is understood that DCI and others may have a financial interest in the equipment." (Frederickson Moving Aff., ¶ 15B).

C. A June 2, 2000 letter from Defendant's Contracting Officer reiterating to Plaintiff that "DTRA has no intention of disregarding DCI's interest in the equipment." (Frederickson Moving Aff., ¶ 15C).