D. A June 4, 2000 telephone conversation in which Defendant's Contracting Officer acknowledged that Plaintiff had ownership rights in the Equipment. (Frederickson Moving Aff., ¶15D).

E. A June 13, 2000 letter from Defendant's Contracting Officer advising Plaintiff that it would close out the Contract in due course and that it would negotiate an "equitable distribution" of "all property produced or purchased under the contract, based upon the share of costs incurred by each party." (Frederickson Moving Aff., ¶ 15E).

F. A July 14, 2000 letter from Defendant requesting Plaintiff to submit the acquisition costs and the Plaintiff's contribution to same. Plaintiff responded by an e-mail of July 21, 2000. Defendant's Contracting Officer, on July 21, 2000, acknowledged the receipt and sufficiency of Plaintiff's e-mail of July 21, 2000. (Frederickson Moving Aff., ¶ 15F).

10. Subsequent to October of 2001, Defendant, acting through its authorized contractors, and without Plaintiff's consent, took possession and control of Equipment that was stored in Moldova and the Ukraine. (Frederickson Moving Aff., ¶ 16).

11. Defendant, without Plaintiff's consent, shipped and delivered through its contractor, possession and control of the Equipment to the UJVP and other third parties. (Frederickson Moving Aff., ¶ 17).

12. Plaintiff did not receive any payments or other compensation from the party or parties to whom Defendant's contractor delivered the Equipment. (Frederickson Moving Aff., ¶ 17).

13. On April 14, 2003, Plaintiff was advised by Defendant's Contracting Officer that the contract "is considered closed". (Frederickson Moving Aff., ¶ 18)

14. The Contract incorporates by reference FAR clause 52.232.20 (Apr 1984), entitled Limitation of Cost. (Frederickson Moving Aff., ¶19).

15. Sub-section (h) of FAR 52.232-20 provides that: "If this contract is terminated or the estimated cost is not increased, the Government and the Contractor shall negotiate an equitable distribution of all property produced or purchased under the contract based upon the share of costs incurred by each." (Frederickson Moving Aff., ¶ 20).

16. The removal and disposition of the Equipment by Defendant has effectively terminated the Contract. (Frederickson Moving Aff., ¶ 21).