17. Upon termination of the Contract, FAR 52.232-20(h) required Defendant to negotiate with Plaintiff an "equitable distribution of all of the property produced or purchased under the contract based upon the share of costs incurred by each." (Frederickson Moving Aff., ¶21).

18. Defendant has continued to refuse to enter into such negotiations or to provide Plaintiff with its share of an "equitable distribution", although Plaintiff has on numerous occasions requested such negotiations and receipt of its "equitable distribution." (Frederickson Moving Aff., ¶ 22).

19. The Defendant's unilateral actions of removing and disposing of the Equipment, without receiving any compensation, have precluded the Plaintiff from attempting to establish a market value for the Equipment by offering to sell same in the market place. (Frederickson Moving Aff., ¶ 23).

20. Insomuch as the Equipment is unique and the value can not be established by offering to sell it in the market place, the market value of the Equipment is difficult, if not impossible, to calculate. (Frederickson Moving Aff., ¶ 24).

21. The market value of the Equipment (including the embedded intellectual property) was equal to or greater than the costs incurred in the design and acquisition of same. (Frederickson Moving Aff., ¶ 25).

22. The total costs incurred with respect to the design and acquisition of the Equipment costs were $5,955,933.32 of which $3,034,316.00 were reimbursed to Plaintiff by Defendant under the Contract. (Frederickson Moving Aff., ¶ 27).

23. The balance of the incurred costs, $2,921,653.49, represents Plaintiff's share of the incurred costs. (Frederickson Moving Aff., ¶ 27).

24. Plaintiff is entitled to a reasonable profit on its incurred costs of $438,248.02. (Frederickson Moving Aff., ¶ 27).

25. Approximately 84% of the total incurred costs have been audited by the Defense Contract Audit Agency ("DCAA"). (Frederickson Moving Aff., ¶ 28).

26. Although requested by Plaintiff, Defendant has made no effort to complete the audit or provide Plaintiff with its "equitable distribution" as required by FAR 52-232-20. (Frederickson Moving Aff., ¶ 30).

Dated: Rockville Centre, New York
September 21, 2004

Respectfully submitted,

GOLDBERG & CONNOLLY

By ______________________

Gary Marcus
Attorney for Plaintiff
66 North Village Avenue
Rockville Centre, New York 11570
Telephone No. (516) 764-2800
Fax No. (516) 764-2827