## BACKGROUND

### A. Contract Award

Plaintiff was incorporated on January 25, 1994, in the State of New Jersey. Its principal place of business is 1 Spruce Terrace, Wayne, NJ 07470. Plaintiff is and has always been a "small business" as that term is utilized in the Federal Acquisition Regulations ("FAR"). (Frederickson Moving Aff., ¶ 4 and 5).

After a competitive procurement, on October 27, 1995, Plaintiff was awarded Contract DNA001-95-C-0169 for Defense Conversion For The Ukraine (the "Contract"). The Contract was a Cost Sharing Contract with total Original Estimated Costs of $4,100,427.00 of which Defendant's Share was $3,034,316.00 and Plaintiff's Share was $1,066,111.00. ( Id., ¶ 6 and 7 ).

Pursuant to the Statement of Work ("SOW") which was incorporated by reference into the Contract, Plaintiff was to provide capital equipment, material, training and business assistance/advisory services (hereinafter referred to collectively as the "Equipment") to a joint venture ("Joint Venture") to be established between Plaintiff and a Ukrainian Joint Venture Partner ("UJVP"). The UJVP was to supply an existing die casting factory (the "Facility") which was to be improved by the installation of Equipment provided and designed by Plaintiff. The Joint Venture was to own and operate the modernized die casting Facility. The UJVP was identified in the SOW as Meridian Joint Stock Company ("Meridian"). Subsequently another Ukrainian company, Burevestnik (in association with another Ukrainian entity TechnoMet), was substituted for Meridian and became the UJVP. ( *Id.,* ¶ 8, 9, 11 and 12).

The SOW provided that the Joint Venture and the modernized Facility that it would create would "serve as the groundwork for future business and/or joint ventures." The Facility was to be the model for the establishment by the Joint Venture of other die casting facilities in the Ukraine. These future business relationships would have a very substantial financial benefit to Plaintiff and were the consideration for Plaintiff to enter into this cost sharing Contract. Plaintiff was required and did make substantial investments which included the continued development of its intellectual property that was incorporated in the design of the Equipment and its business plans. (*Id.,* ¶ 10).

**B. Disposition of the Equipment**

Plaintiff proceeded to acquire the Equipment and stored the Equipment for its own account in Kiev, Ukraine and Tiraspol, Moldova, awaiting additional funds, that were needed by Plaintiff to install the Equipment at the Facility. (*Id.,* ¶ 13 and 14). While the Equipment remained in storage in Kiev, Ukraine and Tiraspol Moldova, awaiting Defendant's decision on further funding or termination of the Contract, Defendant acknowledged and admitted, in a series of communications, that Plaintiff had rights in the Equipment and that, if the Contract was not continued, Plaintiff was entitled to an "equitable distribution" as required under FAR 52.232-20(h).

These admissions and acknowledgements included:

A. A May 5, 2000 Memorandum from Defendant's Director of Cooperative Threat Reduction Policy in which he recognized Plaintiff's interest in the Equipment. (*Id.,* ¶ 15 and Ex. 3).

B. A May 31, 2000 letter from Defendant's Contracting Officer advising Plaintiff that it "is understood that DCI and others may have a financial interest in the equipment". (*Id.,* ¶ 15 and Ex. 4).

C. A June 2, 2000 letter from Defendant's Contracting Officer reiterating to Plaintiff that "DTRA has no intention of disregarding DCI's interest in the equipment." (*Id.,* ¶ 15 and Ex. 5).

D. A June 4, 2000 telephone conversation with Plaintiff's counsel, during which Defendant's Contracting Officer acknowledged that Plaintiff had ownership rights in the Equipment. (*Id.,* ¶ 15 and Ex. 6).

E. A June 13, 2000 letter wherein Defendant's Contracting Officer advised Plaintiff that it would close out the Contract in due course and that it would negotiate an "equitable distribution" of "all property produced or purchased under the contract, based upon the share of costs incurred by each party". (*Id.,* ¶ 15 and Ex. B to the Complaint which is Ex. 1 to the Frederickson Moving Aff.).

F. A July 14, 2000 letter wherein Defendant requested Plaintiff to submit the acquisition costs and Plaintiff's contribution to same. Plaintiff responded by an e-mail of July