21, 2000. (*Id.*, ¶ 15 and Ex. 7). On July 21, 2000, Defendant's Contracting Officer, during a telephone conversation, acknowledged the receipt and sufficiency of Plaintiff's e-mail of July 21, 2000.

At times subsequent to October of 2001, Defendant, acting through its authorized contractors, and without Plaintiff's consent, took possession of Equipment that was stored in Moldova and the Ukraine. Furthermore, and again without Plaintiff's consent, Defendant, through its contractors, shipped and delivered possession of the Equipment to the UJVP and other third parties. Plaintiff believes that Defendant did not receive any payment or other compensation from the parties to whom Defendant's contractor delivered the Equipment. (*Id.*, ¶ 16 and 17). Thereafter, by letter dated April 14, 2003, Plaintiff was advised by Defendant that the Contract "is considered closed". (*Id.*, ¶ 18).

Notwithstanding Defendant's numerous acknowledgements and admissions of Plaintiff's interests in the Equipment and the applicability of FAR 52.232-20 and the required "equitable distribution" thereunder, Defendant has repeatedly rejected Plaintiff's demands to negotiate and/or provide Plaintiff with its share of the required "equitable distribution". (*Id.*, ¶ 30).

## ARGUMENT

## POINT I

## PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT BECAUSE IT HAS MET ITS BURDEN IN DEMONSTRATING THAT NO GENUINE ISSUE OF FACT EXISTS

### A. Standard for Summary Judgment

Summary judgment shall be granted when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." RCFC 56(c). The burden rests on the party seeking summary judgment to show that no genuine issue of fact exists. *See Salvador Cornejo-Ortega v. United States*, 2004 U.S. Claims *Lexis* 173 at *5-*6 (2004). However, once the moving party meets this burden, the burden will shift to the nonmoving party to show that a genuine issue exists. *See id.* In order to defeat a summary judgment motion, the nonmoving party must demonstrate more than some doubt as to the material facts and "cannot rely on conclusory statements or assertions." *L.W. Matteson, Inc. v. United States*, 2004 U.S. Claims *Lexis* 175 at 27 (2004) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 –52, 106 S.Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). Furthermore, "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . ." (*Matteson, supra,* at 25) (Citing *Anderson*, 477 U.S. 242, 247). "Only

disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." (*Anderson, supra,* at 248).

## B. Application of Law to Undisputed Facts

In the present case, plaintiff is entitled to summary judgment because there is no genuine issue as to any material fact regarding Plaintiff's entitlement to its "equitable distribution" pursuant to FAR 52.232-20(h). The application of the law to the undisputed facts is very simple and straightforward with respect to cause of action embodied in Count One of the complaint, the basis of this Motion for Partial Summary Judgment.

### 1. Applicability of FAR 52.232-20(h):

The contract contained a provision (Subsection (h) of FAR 52.232-20), that specifically addressed the rights of the parties in the event the Contract was "terminated or the estimated cost is not increased". (Frederickson Moving Aff. ¶ 19 and 20). Defendant's actions of wrongfully and illegally removing the Equipment from Plaintiff's bailee, without Plaintiff's consent, and delivering it to third parties, effectively terminated the Contract and triggered the provisions of FAR 52.232-20(h). (*Id.,* ¶ 21). Defendant's Contracting Officer explicitly admitted the application of FAR 52.232-20(h) as part of the closeout of the Contract (*Id.,* ¶ 15 (E) and Exhibit B to the Complaint which is Exhibit 1 to Frederickson Moving Aff.). In addition, Defendant, on no less than five other occasions, admitted that Plaintiff had an interest in the Equipment which Defendant would recognize in the event the Contract is terminated. (*Id.,* ¶ 15).