**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DIE CASTERS INTERNATIONAL, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

No. 04-1113C
(Judge Braden)

**PLAINTIFF'S AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims, Plaintiff respectfully moves for Partial Summary Judgment on Count One of the Complaint. This amended motion is submitted pursuant to an Order of this Court filed on October 6, 2004.

In support of this Motion, Plaintiff has previously filed with this Court an Affidavit of Alan C. Frederickson in Support of Plaintiff's Motion for Partial Summary Judgment ("Affidavit") and Plaintiff's Statement of Proposed Findings of Uncontroverted Fact pursuant to RCFC 56(h)(1) ("Statement"). That Affidavit, Statement and the supporting exhibits were filed with this Court on September 21, 2004, and were designated as Docket Items 9 and 10 respectively.

In further support of this Motion, Plaintiff is refiling herewith the complete Memorandum of Law that was incomplete as filed on September 21, 2004.

Plaintiff is entitled to Summary Judgment on Count One of the Complaint in the amount of $3,359,901.51. This entitlement is based upon the Defendant's breach of contract in failing to negotiate and provide to Plaintiff, Plaintiff's share of the "equitable distribution" required under a provision of Contract DNA001-95-C-0169 (the "Contract"). Federal Acquisition Regulation FAR 52.232-20(h), which was incorporated by reference into the Contract, required the Defendant to negotiate an "equitable distribution" of the Equipment in the event the Contract was terminated. Defendant, by its actions, terminated the Contract but has failed to negotiate or pay Plaintiff the required "equitable distribution".

There are no material facts in dispute with respect to (1) the applicability of the above-referenced clause, (2) the Defendant's wrongful appropriation and disposition of the Equipment, which terminated the Contract, (3) the Defendant's failure to negotiate or pay Plaintiff its "equitable distribution", or (4) the Plaintiff's investment in the Equipment of $3,359,901.51. Therefore, the Plaintiff is entitled to Summary Judgment as a matter of law.

Respectfully submitted,

s/Gary Marcus
Attorney for Plaintiff
Goldberg & Connolly
66 North Village Avenue
Rockville Centre, NY 11570
Tel: (516) 764-2800
Fax: (516) 764-2827
E-Mail: gmarcus@goldbergconnolly.com

Dated: October 7, 2004