**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| DIE CASTERS INTERNATIONAL, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-1113C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A, ¶¶ 3-5, of the Rules of the Court of Federal Claims ("RCFC"), the parties submit the following joint preliminary status report.

a. Jurisdiction:

Plaintiff believes that the Court has jurisdiction to hear and decide the action. Defendant has identified no reason to question the jurisdiction of the Court at this time.

b. Consolidation:

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation:

The parties agree that the issues of liability and damages should be bifurcated.

d. Deferral:

The parties agree that this case should not be deferred pending resolution of any other cases.

e. Remand/Suspension:

Neither party intends to seek remand or suspension at this time.

f. Joinder:

Neither party intends to join additional parties at this time.

g. Dispositive Motions:

Plaintiff has filed a motion for partial summary judgment. The parties cannot state at this time whether any additional dispositive motions will be filed. If either party determines that it would be advisable to file any additional dispositive motions, the Court will be promptly notified.

h. Relevant Issues:

Based upon a preliminary review of the case, the parties have identified the following issues:

1. Plaintiff believes that the relevant issues are as follows:

A. Whether defendant has breached Contract No. DNA001-95-C-0169 ("Contract") and is liable to plaintiff for damages for defendant's failure to provide plaintiff with plaintiff's share of an equitable distribution of the Equipment (as that term is defined in paragraph 7 of the complaint) as required by FAR 52.232-20, which was a

provision of the Contract;

B. Whether defendant has wrongfully appropriated and disposed of the Equipment, which was acquired and provided by plaintiff under the Contract;

C. Whether defendant has breached the provisions of the Contract concerning the ultimate use of and title to the Equipment and is, therefore, liable to plaintiff for damages;

D. Whether defendant has breached the provisions of the Contract and is, therefore, liable to plaintiff for damages relating to the intended future benefits to plaintiff caused by defendant's breach of the Contract and defendant's appropriation and disposition of the Equipment;

E. Whether defendant has breached the implied covenants of good faith and fair dealing under the Contract and is liable to plaintiff for damages; and

F. Whether defendant has breached the Contract and is liable to plaintiff for damages caused by defendant's wrongful appropriation and disposition of the Equipment, which constituted a taking for which just compensation is due plaintiff under the Fifth Amendment of the United States Constitution.

2. Defendant believes that the relevant issues are as follows:

A. Whether plaintiff was entitled to a legal or equitable interest in the capital equipment described in the Contract;

B. Whether any or all of plaintiff's claims are barred by a failure of consideration; and

C. Whether any or all of plaintiff's claims are barred by the doctrine of estoppel.

i. Settlement:

The parties have discussed settlement, but have been unable to agree on a satisfactory basis for resolving this dispute. When the parties are in a better position to further evaluate the likelihood of settlement, they will advise the Court. Plaintiff is willing to pursue Alternate Dispute Resolution ("ADR") (Mediation utilizing a Settlement Judge or Third-Party Neutral) with respect to Counts Two through Five of the complaint. This ADR would be for the liability portion first and the damage portion if the liability portion is resolved. Defendant has not decided at this time whether it will agree to ADR in this matter.

j. Trial:

1. Plaintiff proposes the following:

One or both parties may seek summary judgment pursuant to RCFC 56. If dispositive motions are not submitted,

or if they are not completely dispositive of this action, the parties anticipate proceeding to trial on the liability portion. At this time, plaintiff requests expedited trial scheduling on the liability portion since discovery on the liability portion can be completed within 90 days and the liability portion of the case can be tried within three (3) days. The scheduling of discovery and trial with respect to the damages portion will be determined upon the conclusion of the liability portion of this action. The liability portion of this action is relatively simple, the damages portion is relatively complex. Plaintiff requests that the trial take place at the Court.

2. Defendant proposes the following:

Defendant does not agree with plaintiff that discovery on the liability portion of this case can be completed within 90 days, or that the liability portion can be tried within three days, in part because the liability portion of the claim involves plaintiff's failure to maintain a joint venture that was the intended owner of the Contract equipment, and because witnesses and documents may be located in the Ukraine. Defendant's discovery plan is set forth below, in section l. 2. Therefore, defendant requests that the case proceed

normally under the rules of the Court. Defendant also requests that the parties be allowed to file a status report within 30 days after the close of discovery proposing further proceedings in this case.

k. <u>Additional Information</u>:

None.

l. <u>Proposed Discovery Plan</u>

1. Plaintiff proposes the following:

Counsel for both parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and depositions for the liability portion of this action, which discovery will commence following the filing of this joint preliminary status report. Plaintiff proposes a fact discovery deadline of December 31, 2004 for the liability portion. Deadlines for expert reports, depositions of experts and other discovery of experts with respect to the damages portion of this matter will be established upon the conclusion of the liability portion of this matter.

2. Defendant proposes the following:

Discovery will be initiated in this case following the filing of this joint preliminary status report. Defendant anticipates that it will need substantially

more time for discovery than proposed by plaintiff and proposes that November 5, 2005, be set as the date for the close of fact discovery because plaintiff's claim is for $109 million, the claim alone is contained in two volumes of three-inch binders, and prospective witnesses may be located in the Ukraine, where the Contract was to be performed. Defendant requests that the parties be permitted to conduct simultaneous discovery, including interrogatories, requests for admission, requests for production of documents, and depositions. Defendant also proposes that the parties be allowed 45 days after the close of discovery for the disclosure and exchange of experts' reports and an additional 30 days for depositions of expert witnesses.

Respectfully submitted,

/s/ *Gary Marcus*
GARY MARCUS
Goldberg & Connolly
66 North Village Avenue
Rockville Centre, NY 11570
Tel: (516) 769-2800
Fax: (516) 764-2827

Attorney for Plaintiff

Date: November 8, 2004

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ *Mark A. Melnick*
*by Patricia M. McCarthy*
MARK A. MELNICK
Assistant Director

/s/ *William K. Olivier*
WILLIAM K. OLIVIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-6288
Fax: (202) 514-7965

Attorneys for Defendant

Date: November 8, 2004