| DEFENSE CONTRACT AUDIT AGENCY<br>NOTICE OF CONTRACT COSTS SUSPENDED AND/OR DISAPPROVED | | PAGE 1 OF 3 PAGES |
|---|---|---|
| TO: (Name and Address of Contractor)<br><br>Die Casters International, Inc. (DCI)<br>One Spruce Terrace<br>Wayne, NJ 07470 | Contract Number<br>DNA001-95-C-0169<br><br>Disbursing Office: DFAS-Indianapolis<br>DFAS-IN-AKA<br>8899 E. 56th Street<br>Indianapolis, IN 46249-1325 | Notice Number<br>1<br><br>Contract Administration Office:<br>Defense Threat Reduction Agency/AMC<br>8725 John J. Kingman Drive, MSC 6201<br>Ft. Belvoir, VA 22060-6201 |

1. This notice is issued pursuant to the authority of DoD Directive 5105.36, as implemented by the Federal Acquisition Regulation and DoD FAR Supplement. It constitutes notice of costs suspended and/or disapproved incident to the audit of contractor costs incurred under referenced contract(s). Description of items and reasons for the action are stated below.

2. SUSPENDED COSTS, as referred to herein, are costs which, for the reasons stated below, have been determined by the undersigned to be inadequately supported or otherwise questionable, and not appropriate for reimbursement under the contract terms at this time. Such costs may be determined reimbursable after the contractor provides the auditor additional documentation or explanation as specified below.

3. DISAPPROVED COSTS, as referred to herein, are costs which, for the reasons stated below, have been determined by the undersigned to be unallowable, that is, not reimbursable under the contract terms.

4. If the contractor disagrees with this/these determinations, the contractor may (1) request in writing the cognizant contracting officer to consider whether the unreimbursed costs should be paid and to discuss his or her findings with the contractor and/or (2) file a claim under the "Disputes" clause of the contract(s).

The auditor will submit copies of the acknowledged notice to the cognizant disbursing officer for appropriate action and to the cognizant contracting officer.

| DCAA AUDITOR | Date of Notice | Address: Defense Contract Audit Agency Northern NJ Branch Office, Bldg. 350 South Picatinny Arsenal, Picatinny, NJ 07806-5000 | Signature: |
|---|---|---|---|
| | 6/20/01 | | [signature] |

CONTRACTOR'S ACKNOWLEDGEMENT OF RECEIPT-The contractor or its authorized representative Shall acknowledge receipt of this notice to the DCAA auditor.

| Date of Receipt | Name and Title of Authorized Official | Signature: |
|---|---|---|
| 29 June 2001 | Alan C. Frederickson, President | [signature] |

| ITEM NO. | Description of Items and Reasons for Action | Amount of Costs | |
|---|---|---|---|
| | | Suspended | Disapproved |
| 1 | HOLDBACK COSTS<br>DCI was awarded a Cost Share type contract by the Defense Threat Reduction Agency (formerly the Defense Special Weapons Agency) on October 27, 1995, which contained a cost share provision of 26%. In CY 1997, DCI submitted public vouchers reflecting 100% of its incurred/booked costs. The total billed was then reduced by 26% to account for the contractor's share of the billed costs. In its books and records, DCI reflected 100% of its incurred costs, however, to date, the contractor has only paid its employees and vendors 74% of that booked. This effectively results in DCI only paying to its employees/vendors the Government's share of the incurred costs and withholding payment on its share (holdback). These costs are unallowable per FAR 31.201-2(a)(4), Determining Allowability. Since the contractor has not concurred with these questioned costs, we consider these costs to be disapproved. | | $536,169 |

DCAA FORM 1-C
February 1988

DEFENSE CONTRACT AUDIT AGENCY
NOTICE OF CONTRACT COSTS SUSPENDED AND/OR DISAPPROVED
(*Continuation Sheet*)

PAGE 2 OF 3 PAGE(S)

NOTICE NUMBER 1

CONTRACTOR Die Casters International, Inc. (DCI)

Description of Items and Reasons for Action (*Continued*)

Continued

In accordance with FAR 31.201-2(a)(4), contract terms need to be considered in the determination of allowability. Per the contract's terms, DCI agreed to absorb 26% of the cost of the contract's performance. The contractor booked and billed 100% of its costs of which the Government has reimbursed the contractor for 74% of the booked/billed amounts. To date, the contractor has not paid its share or 26% of the booked costs to its employees and vendors and, therefore, has not complied with the agreed-upon terms of the contract.

A summary of the "holdback" costs questioned/disapproved costs is summarized below:

| Cost Element | Questioned/ Disapproved | Notes |
|---|---|---|
| Direct Labor | $ 167,763 | 1 |
| Subcontracts (Equip./Mat'l) | 514,636 | 2 |
| Freight | | |
| Eng. Services | | |
| Misc. Office | | |
| Legal/Professional | 24,798 | 3 |
| Travel | 0 | |
| Direct Costs Incurred | $ 707,197 | |
| Overhead | 3,378 | 4 |
| Total Cost Input | $ 710,575 | |
| G&A | 13,978 | 4 |
| Total CY 1997 Costs | $ 724,553 | |
| DCI 26% Cost Share | (188,384) | |
| Total Direct Cost | $ 536,169 | |

Notes:

1. The claimed direct labor consists of $333,369 of U.S. labor. Of that amount, $167,763 was questioned because it represents that portion of the direct gross wages incurred in CY 1997, but not yet paid by the company to its employees. Although accrued liabilities have been established for these costs, they have not been paid in the ordinary course of business; nor have they been paid to date. Therefore, the costs are considered unallowable per FAR 31.201-2 since, according to the contract terms (FAR 52.216-7(b)-Allowable Cost and Payment), the costs must be paid in the ordinary course of business.

2. We questioned $514,636 of the subcontract costs proposed. All of the costs questioned for Litmash, Advanced Products, Lindberg/MPH and Visi-track, as well as $12,095 and $287,133 of the costs questioned for Binom and HPM, respectively, represent payments withheld from the subcontractors on invoices submitted ($74,651 + $101,116 + $30,580 + $9,061 + $12,095 + $287,133 = $514,636). Although accrued liabilities have been established for these costs, they have not been paid in the ordinary course of business; in fact, they have not been paid to date. Therefore, the costs are considered unallowable per FAR 31.201-2 since, according to the contract terms (FAR 52.216-7(b)), the costs must be paid in the ordinary course of business.

DEFENSE CONTRACT AUDIT AGENCY
NOTICE OF CONTRACT COSTS SUSPENDED AND/OR DISAPPROVED
*(Continuation Sheet)*



NOTICE NUMBER
1

CONTRACTOR Die Casters International, Inc. (DCI)

Description of Items and Reasons for Action *(Continued)*

1- Con't

3. We questioned $24,798 of claimed legal and professional fees, due to "holdback". Of that amount, $21,640 is Hintech Int'l. costs claimed and $3,158 is J. Passer legal fees claimed ($21,640 + $3,158 = $24,798). The costs represent unpaid "holdback" fees considered unallowable per FAR 31.201-2 since, according to the contract terms (FAR 52.216-7(b)), the costs must be paid in the ordinary course of business.

4. Represents the adjustment from the booked to audit-adjusted indirect rates and the differences due to booked versus questioned base costs, computed as follows:

| | | Overhead | | G&A | |
|---|---|---|---|---|---|
| Indirect Rate: | | | | | |
| Booked | | 8.08% | | 2.20% | |
| Audit-Adjusted | a | 14.22% | | 2.28% | |
| Questioned | b | ( 6.14%) | | (0.08)% | |
| Disapproved Base Costs: | | | | | |
| Booked | c | $333,369 | (1) | $2,847,489 | (2) |
| Questioned | d | $167,763 | | $710,575 | |
| Questioned Costs: | | | | | |
| Due to Rate Differential | (b x c) | $( 20,484) | | $ (2,198) | |
| Due to Questioned Base Costs | (a x d) | 23,862 | | 16,176 | |
| Total Questioned Exp. | | $ 3,378 | | $ 13,978 | |

( ) = Denotes Upward adjustment.

(1) Represents booked base costs of $372,444 less the non-concurred unallowable base costs covered under a separate DCAA Form 1 of $39,075 for a net of $333,369.

(2) Represents booked base costs of $3,040,638 less the non-concurred unallowable base costs covered under a separate DCAA Form 1 of $193,149 for a net of $2,874,489.

The purpose of this Form 1 is to initiate Contracting Officer action in rendering a final decision on the questioned costs associated with the issue described herein with which the contractor does not agree. It is our opinion that the contractor has been fully paid for the disapproved costs and should be required to reimburse the government for same. Mr. Herbert Thompson, Contracting Officer, was notified of our position and our intent of issuing a Form 1 on March 1, 2001. Mr. Thompson concurred with our position and the issuance of this Form 1.