**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

------------------------------------------------------------------ X

**DIE CASTERS INTERNATIONAL, INC.,**

Plaintiff,

- against -

**UNITED STATES OF AMERICA,**

Defendant.

------------------------------------------------------------------ X

No. 04-1113C
(Judge Braden)

**AFFIRMATION OF GOOD FAITH PURSUANT TO RCFC 37 (a) (2) (A)**

GARY MARCUS, an attorney duly licensed to practice law before the Courts of the State of New York, affirms the following under penalty of perjury:

1. I am associated with the law firm of Goldberg & Connolly, attorneys for plaintiff Die Casters International, Inc. in the above-captioned action.

2. I make this affirmation pursuant to RCFR 37 (a) (2) (A).

3. A good faith effort to resolve the issues raised by this motion has been attempted in this matter. In particular, your affiant has:

   a. In my letter of December 17, 2004, I brought to Defendant's counsel's attention Defendant's inadequate document production in response to Plaintiff's First Request For Production Of Documents. In my letter to Defendant's counsel, Mr. Olivier and Mr. Rickard, responding to Mr. Rickard's statement that the Defendant had "approximately a banker's box" of documents in response to all 24 document requests, I stated that I was

"surprised that such a small amount of documents would be produced." A copy of my letter of December 17, 2004 is annexed as Exhibit J.

b. At numerous times during the depositions of the Defendant Witnesses held on February 8th, 9th, 10th and 11th, 2005, I advised the Defendant's counsel, both on and off the record, of the glaring lack of candor and the deliberate evasiveness of a number of the Defendant Witnesses. A copy of pages 5 and 6 of the deposition of Edward Archer as the 30 (B) (6) representative of the Defendant is annexed as Exhibit K.

c. On April 1, 2005, in a letter to Defendant's counsel, I set forth in detail the breath of Defendant's inadequate responses to Plaintiff's document discovery requests and the glaring lack of candor of Defendant's deponents. In addition I enumerated six (6) other related discovery issues that needed to be addressed by the Defendant. In this letter I advised Defendant that this letter was being sent pursuant to RCFC (a) (2) and that he had until the close of business on April 15, 2005 to "rectify the situation" before I brought this serious matter to the Court's attention. (See Exhibit E).

d. On April 15, 2005, at 4:04 P.M., I received by fax a letter from Defendant's counsel advising me that he was furnishing an additional 610 pages of documents. (See Exhibit D). This letter was followed up with a cover letter to the newly produced documents dated April 18, 2005, responding to my letter of April 1, 2005. A copy of the Defendant's letter of April 18, 2005 is annexed as Exhibit L.

e. By letter dated April 26, 2005, I responded to Defendant's counsel's letter of April 18, 2005. (See Exhibit F).

4. To date, in response to my April 1, 2005 letter, I have only received signature and correction pages for two additional Deponents and an apology for the delay in providing them, the Defendant's counsel's letters of April 15th and 18th, 2005, and the aforesaid additional 610 pages of documents.

5. Accordingly, the within motion was made to resolve these issues.

Dated: Rockville Centre, New York
April 29, 2005

s/ Gary Marcus
GARY MARCUS
GOLDBERG & CONNOLLY
66 North Village Avenue
Rockville Centre, NY 11570
(516) 764-2800
Attorneys for Plaintiff