IN THE UNITED STATES COURT OF FEDERAL CLAIMS

------------------------------------------------------X

DIE CASTERS INTERNATIONAL, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

------------------------------------------------------X

No. 04-1113C
(Judge Braden)

PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE THAT, pursuant to Rules 26 and 34 of the Rules of The United States Court of Federal Claims, Plaintiff, Die Casters International, Inc., by its attorneys Goldberg and Connolly, requests that Defendant, The United States, produce and permit plaintiff to inspect and copy the following documents at the offices of plaintiff's attorneys, at 66 North Village Avenue, Rockville Centre, New York 11570, on (give 35 days), at 10 A.M.:

## DEFINITIONS AND INSTRUCTIONS

The following definitions shall apply:

(a) "Communications" and "correspondence" means the transmittal, in any form, including but not limited to, telephone conferences, written materials, electronic transmissions and transcripts, notes and memoranda of conversations and/or personal meetings, including but not limited to, facts, ideas and/or inquiries by and between the parties identified.

Goldberg & Connolly
ATTORNEYS AT LAW

(b) "Document" includes, but is not limited to, writings, drawings, graphs, charts, photographs, phone records, e-mail, computer files, backup tapes, floppy discs and other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form. Document includes all official and unofficial translations.

(c) A draft or non-identical copy of a document is a separate document within the meaning of the term "document."

(d) The source of all documents requested should be identified, as well as the person or entity that had custody over them. The system by which the original documents were filed should be duplicated, with duplicate file folder captions; or, in the alternative, organized and labeled so as to correspond to the categories in this request.

(e) If any of the documents requested herein are withheld pursuant to a claim of privilege, identify the following: The title of the document; the date of the document; the author and addressee; each person to whom copies of the document were furnished or to whom the contents thereof were communicated; a summary of the subject matter of the document; its present location and custodian; the basis upon which the asserted privilege is claimed; and the request to which the document is responsive herein.

(f) If any document within the scope of this request is withheld or not produced for any reason other than privilege, identify the following: The title of the document; the date of the document; the author and addressee; each person to whom copies of the document were furnished or to whom the contents thereof were communicated; a summary of the subject matter of the document; its present location and custodian; the basis upon which the document is withheld; and the request to which the document is responsive herein.

(g) If any document within the scope of this request has been destroyed, discarded or lost, furnish a list identifying each such document: The date said document was prepared; the date said document was destroyed, discarded or lost, the location of all copies of said document; each author and addressee; each person to whom copies of the document were furnished or to whom the contents thereof were communicated; a summary of the subject matter of the document; the person authorizing the destruction of having responsibility for the destruction or loss of said document; the reason for the destruction or loss; and the number of the request under which said document would otherwise be produced.

(h) "Concerning" means relating to, referring to, describing, evidence or constituting.

(i) "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(j) The use of the singular form of any word includes the plural and vice versa.

(k) Pursuant to Rule 34(b) of the Rules of the United State Court of Federal Claims, the Defendant is instructed to produce documents as they are kept in the usual course of business or to organize and label the documents to correspond with the categories in this request.

(l) This request shall be deemed continuing so as to require further and supplemental production promptly if Defendant receives, generates, or discovers additional documents requested herein between the time of the original production of Defendant and the time of each evidentiary hearing in this action.

Goldberg & Connolly
ATTORNEYS AT LAW

(m) The term "DCI" or Plaintiff means Die Casters International, Inc., its subsidiaries and affiliates.

(n) The term "DTRA" means the Defense Threat Reduction Agency, its predecessors and successors, as more particularly set forth in paragraph 5 of the Complaint.

(o) The term "Contracting Officer" means the Contracting Officer of DTRA as that person exists or existed from time-to-time.

(p) The term "Claims" means those certified claims that were duly presented and filed with the Contracting Officer of DTRA on February 26, 2004.

(q) The term "Contract" means Contract No. DNA001-95-C-0169 for Defense Conversion of the Ukraine.

(r) The term "Equipment" means that equipment that Plaintiff was to provide for the Contract, including but not limited to, capital equipment, material, training and business assistance/advisory service, as more particularly set forth in paragraph 7 of the Complaint.

(s) The term "UJVP" means the Ukrainian Joint Venture Partner(s) as that entity existed from time-to-time.

(t) The term "Facility" means the die casting factory or buildings which were to be provided by the UJVP for the installation of the Equipment.

(u) The term "Future Business" means all prospective business advantages, either by distributorship, joint venture or otherwise, that were contemplated by any of the parties to the Contract which DCI was to partake in and was the consideration for DCI entering into the Contract.

Goldberg & Connolly
ATTORNEYS AT LAW

**DOCUMENTS TO BE PRODUCED**

1. Any and all documents and communications which comprise the Contract between Plaintiff and Defendant, including all modifications, amendments and changes thereto, whether executed or not.

2. Any and all communications, documents or other correspondence which discusses the formation or administration of the clauses in Section H of the Contract entitled "Special Contract Requirements" and paragraph 5 entitled "Use and Ownership/Disposition of Government-Provided Property".

3. Any and all documents or any communications by and between DTRA or any Agency or Department of the United States Government on the one hand and the Ukranian Government on the other concerning the ownership of the Equipment or by implication relating to Equipment.

4. Any and all documents or other records in any way pertaining to the negotiations between the governments of the United States and the Ukraine concerning the Contract or the Equipment to be delivered thereunder or any benefits to be derived therefrom.

5. Any and all documents in any way pertaining to the analysis by DCI, DTRA or any Department or Agency of the United States Government or the Ukranian Government concerning the present and future economic benefits of the Contract or the future and anticipated benefits arising therefrom. In particular, any analysis of any Future Business that was to be derived from the investments made in this Contract.

6. Any and all documents in any way pertaining to any initial funding of the Contract, including, but not limited to, any memorandums of negotiation.

Goldberg & Connolly
ATTORNEYS AT LAW

7. Any and all documents in any way pertaining to any subsequent funding of the Contract including any requests by DCI for subsequent funding of the Contract.

8. Any and all documents or records of communications concerning the re-programing of funds from any other project or program to the Contract by specific reference or by implication.

9. Any and all documents or records concerning restrictions on re-programing of funds.

10. Any and all documents in any way pertaining to the selection of or the approval of the UJVP.

11. Any and all documents concerning the termination of the UJVP and the selection of a replacement or successor UJVP.

12. Any and all documents in any way pertaining to the selection of the Facility and/or the change of the Facility to a subsequent Facility or replacement Facility.

13. Any and all documents pertaining to any changes in scope under the Contract, whether the changes were incorporated into Change Orders or modifications, or not.

14. Any and all documents concerning the analysis of other funding sources for the Contract.

15. Any and all documents pertaining to any proposals with respect to alternate funding sources for the Contract, whether they be governmental, quasi-governmental or private.

16. Any and all documents in any way pertaining to any potential investment by the Defense Enterprise Fund and/or any other communications or documents with respect to the Defense Enterprise Fund taking over any portion of the Contract or any assets or business relationships of DCI or any of the Equipment procured under the Contract.

17. Any and all documents in any way pertaining to any proposals by Brookhaven National Laboratories to either participate under the Contract or to take over any portion of the Contract or

Goldberg & Connolly
ATTORNEYS AT LAW

to fund any portion of the Contract or related activities to the Contract or in issuing a Contract to DCI.

18. Any and all documents in any way pertaining to any decisions by DTRA or any other Department or Agency of the United States Government or the government of the Ukraine to fund or not to fund the Contract beyond the original funding of $3,034,316.00.

19. Any and all documents or records of any communications concerning the retention by DTRA or any Agency or Department of the United States Government of any third-party or contractor ("Contractor"), to take possession of the Equipment either in the Ukraine or in Moldova that was being stored by DCI for the Contract.

20. Any and all documents in any way connected with the Contractor who was retained by DTRA or any Agency or Department of the United States Government to retrieve the Equipment and any and all payments that were made by that Contractor with respect to the retrieval of, or installation of the Equipment, and any related training or plant refurbishments or upgrades.

21. Any and all documents concerning the ultimate disposition of the Equipment, including any and all correspondence or communications with the government of the Ukraine or any other government concerning the Equipment.

22. Any and all documents in any way concerning any economic analysis or benefit, whether they were prepared by DTRA, any Agency or Department of the United States Government, a contractor retained by DTRA, or any foreign government concerning the Future Benefit to be derived from the disposition of the Equipment.

23. Any and all documents in any way pertaining to or communications pertaining to, by and among DTRA, the Defense Contract Audit Agency and the Defense Criminal Investigative Service

in any way concerning the accounting methods of DCI, the invoicing methods of DCI, the payments made to DCI, and the propriety or impropriety of those invoices, payments or accounting methods.

24. Any and all documents in any way pertaining to any analysis by DTRA or any other government agency or department or any consultants or third parties concerning the business plans and projections of DCI.

Dated: Rockville Centre, New York 11570
November 8, 2004

GOLDBERG & CONNOLLY
Attorneys for Plaintiff

By:____________________
Gary Marcus
Goldberg & Connolly
66 North Village Avenue
Rockville Centre, NY 11570
Tel: (516) 764-2800
Fax: (516) 764-2827

TO: WILLIAM K. OLIVIER
Attorney for Defendant
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel.: (202) 307-6288
Fax: (202) 514-7965
E-Mail: william.olivier@usdoj.gov

Goldberg & Connolly
ATTORNEYS AT LAW

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU )

Camille Giesemann, being duly sworn, deposes and says: I am not a party to this action, am over 18 years of age, and reside at Staten Island,, New York.

On November 8, 2004, I served the within **Plaintiff's First Request for the Production of Documents** by mailing a copy thereof to the following person at the last known address set forth below:

William K. Olivier, Esq.
Attorney for Defendant
U.S. Department of Justice
Civil Division - Commercial Litigation Branch
1100 L. Street, N.W.
8th Floor
Washington, D.C. 20530

CAMILLE GIESEMANN

Sworn to before me this
8th day of November, 2004

Notary Public

BRIAN P. CRAIG
Notary Public, State of New York
No. 02CR4904077
Qualified in Nassau County
Commission Expires August 10, 2005

Goldberg & Connolly
ATTORNEYS AT LAW