Goldberg & Connolly

· ATTORNEYS AT LAW ·

G&C Building
66 North Village Avenue • Rockville Centre • New York 11570
516-764-2800 • Fax 516-764-2827

April 1, 2005

***By Fax: (202) 514-7965***
***and First Class Mail***

William K. Olivier
Attorney, Commercial Litigation Branch
Civil Division, U.S. Department of Justice
Classification Unit, 8th Floor
1100 L Street, NW
Washington, DC 20530

Re: Die Casters International, Inc.
v. United States of America
United States Court of Federal Claims
Index No. 04-1113C

Dear Mr. Olivier:

Your letter of March 25, 2005, forwarding the execution pages of certain of the deposition transcripts of your client's employees and your document inspection at my office this week have highlighted a very serious situation. It has become readily apparent that your client has and is flagrantly ignoring its discovery obligations in this case, much the same way as it ignored its contractual obligations under the contract ("Contract") that is at issue in the above-referenced matter. As detailed below, your client has continued its reprehensible behavior of being non-responsive by ignoring or only making a token response to my client's discovery requests in an attempt to coverup and conceal its gross mismanagement of the Contract and to impede and interfere with my client's ability to present its case.

Although I have previously expressed to you my concerns over your client's inadequate responses to my client' s discovery requests, I waited until now to write this letter to allow you to gain first hand knowledge of the extent of the documents relevant to this case by giving you the opportunity to see first hand what my client produced in response to your client's document discovery request. The contrast between what my client produced and what your client produced is just overwhelming. My client produced approximately 100,000 pages, organized in folders and chronological order, as contrasted with the 5,602 pages of disorganized conglomeration produced by your client. It absolutely astounds me how a small contractor that your client virtually drove into bankruptcy could maintain almost 20 times the documents in a

comprehensible order while an agency of the United States government could not. What is deeply disturbing is that I can identify hundreds if not thousands of pages of documents that my client produced, that consisted of correspondence or submissions to your client, that your client did not produce although they were clearly responsive to my client's document requests.

Moreover, your client's disregard of my client's discovery requests are not limited to the document production. As I pointed out at numerous times during my depositions of certain of your client's employees, there seemed to be a "collective amnesia" with respect to the receipt of certain critical documents addressed to these individuals from both my client and DCAA. This "collective amnesia" continued with respect to whether or not anyone did any of the contractually required acts requested to be performed by those documents. The lack of candor of these deponents was glaring.

In addition to the very significant issues discussed above:

1. Your client has not produced the paltry amount of documents it did produce "as they are kept in the usual course of business" nor did it "organize and label them to correspond with the categories in the request" as required by RCFC 34 (b).

2. At the depositions of the government witnesses that I took during the week of February 8, 2005, I had specifically requested certain additional documents. Although you had addressed some of those requests at the time of the deposition, there were a number that were not addressed. When you returned the execution pages (not all of the execution pages were returned, see 4 below) to those depositions, none of those documents were mentioned or attached.

3. My client's document demand was broad enough to encompass not just the Defense Threat Reduction Agency and its predecessors ("DTRA"), but also to encompass the other parts of the federal government that worked hand-in-hand with DTRA in Defense Threat Reduction. I believe the only documents that we received from my client's document demand were from DTRA. I did not receive anything from the other agencies of the Department of Defense, or from the Department of State, that were relevant to this Contract and were under the purview of the document request.

4. Your client has failed to return the execution pages of the depositions of Scott Morton, Mark West, and Edward Archer as the 30 (b) (6) designee.

5. Although you returned Mr. Archer's execution page for his deposition, you did not return his execution page for Mr. Archer as the 30 (b) (6) and, more importantly, the information that I requested the 30 (b) (6) designee to supply with his executed deposition.

6. The excuses for lack of disclosure that your client gave at the deposition of "too many FOIA requests" and "a computer virus" are woefully inadequate and do not excuse its totally inadequate performance. For the record your client's FOIA responses have been consistently inadequate, with more white paper than information, and what organization doesn't have a backup system to recover data in the event of a virus or other disaster.

I don't think I need to emphasize to you the importance of having fair and adequate discovery. It is at the heart of our justice system. While your client may have played fast and loose and grossly mismanaged the Contract, I will not allow that client to grossly mismanage the discovery in this litigation. You need to confront your client's highest levels of management immediately and have them understand the importance of full and adequate disclosure. They may have been able to stonewall my client under the Contract, but I cannot and will not allow them to stonewall me by refusing to provide the required discovery.

The purpose of this letter is to give the DOJ the opportunity to remedy this serious and critical situation pursuant to RCFC 37 (a) (2). If I do not hear from you by the close of business on April 15, 2005 with an adequate plan and time line to rectify this situation, I will bring this matter to Judge Braden and request that she impose all available remedies, sanctions and penalties, including but not limited to dismissal of your client's answer.

Thank you for giving this matter your immediate attention.

Very truly yours,

GOLDBERG & CONNOLLY

By: [signature]
Gary Marcus

GW/bas

cc: ***By Fax*: (202) 514-8071**
***and First Class Mail***
Peter D. Keisler,
Assistant Attorney General
Civil Division, U.S. Department of Justice
Classification Unit, 8th Floor
1100 L Street, NW
Washington, DC 20530

***By Fax*: (202) 307-0972**
***and First Class Mail***
David M. Cohen, Director
Civil Division, U.S. Department of Justice
Classification Unit, 8th Floor
1100 L Street, NW
Washington, DC 20530

***By Fax*: (202) 305-7644**
***and First Class Mail***
Mark A. Melnick, Assistant Director
Civil Division, U.S. Department of Justice
Classification Unit, 8th Floor
1100 L Street, NW
Washington, DC 20530

***By Fax*: (703) 767-4550**
***and First Class Mail***
David C. Rickard
Deputy General Counsel
Defense Threat Reduction Agency
8725 John J. Kingman Road
Fort Belvior, VA 22060-6201