U.S. Department of Justice

Civil Division

WKOlivier
D.J. No. 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

Tele: (202) 616-8131
Fax: (202) 514-7965

*Washington, D.C. 20530*

April 18, 2005

By Federal Express

Gary Marcus, Esq.
Goldberg & Connolly
66 North Village Avenue
Rockville Centre, NY 11570
Tel: (516) 764-2800

Re: Die Casters, Inc. v. United States,
Fed. Cl. No. 04-1113C

Dear Mr. Marcus:

Enclosed are copies of documents that we obtained from our review of your client's files in your office from March 28 through March 30, 2005.

In response to your April 1, 2005 letter, we believe your allegations about our production of documents is without merit. We produced our documents as they are kept in the usual course of business, as required under the Court's rules. However, as a result of your prior Freedom of Information Act requests, the documents were no longer in the same condition as they were when the documents originally were filed. Nevertheless, they were produced in the condition they were kept. Since the contract to which the documents were relevant has been completed, there was no need to re-assemble the documents into their original form.

You chose not to review those files. Instead, in response to your request that we simply copy all of the documents and send them to you, we sent you 5,706 pages of documents. Subsequently, we sent you an additional production bringing the total number of pages that we produced to you to 6,317. We Bate-stamped all of the pages of the documents so that we could prove what we produced to you.

As you know, we responded to your prior, equally unwarranted discourses about our failure to produce specific documents during the depositions of witnesses by searching our copy of the Bate-stamped documents that we provided to you and producing to you again the document that you said we did not produce, which included the Bate-stamp number on it of the document you said you did not receive. Your continual unsubstantiated allegations of our failure to produce documents has caused us considerable loss of time and effort to search for and produce documents that we have previously produced to you. We noted, as a matter of record during the depositions, each time you alleged that we had not produced documents and we subsequently produced the documents with the Bate-stamp numbers on them. I am not aware of any documents that you requested during the depositions that we did not produce to you. Therefore, it appears to us that you simply have not reviewed the documents that we sent you, preferring instead to simply allege that you have not received everything you asked for in the hope that we will find specific documents for you.

N.O. T.V.M. We are not required to produce to you copies of documents that you have in your possession. Therefore, if you produced a document to the Government or obtained a document that was produced to you in response to a Freedom of Information Act request, we are not required to produce it to you again in discovery.

As far as the volume of your client's records, we found that there were a considerable number of documents, but that many of them were duplicative of other documents in the same files or they were financial records of your client. As a result, we found it necessary to copy only approximately 900 pages of documents. Therefore, the disparity in the volume of documents between your client's files and the Government's files relating to this dispute is irrelevant.

Nevertheless, we are reviewing your requests for production of documents to determine whether there are any additional documents that respond to your request that we have not produced. If we find any such documents, we will make them available for you to review within a reasonable period of time.

Further, we did not fail to return the execution pages of any depositions, except the deposition you purported to take under Rule 30(b)(6), to which we objected. You failed to properly notice that deposition because you failed to "describe with reasonable particularity the matters on which examination is requested," as required by the Court's rule. RCFC 30(b)(6). I called you in advance of the deposition to notify you of the defect. While you stated orally what would be covered, we apparently disagree on what you said would be covered in that deposition. In any event, you should have corrected the notice of deposition in writing. You did not.

During the course of the 30(b)(6) deposition, you agreed that the questions you asked should be treated as a form of oral interrogatories, which would be counted against your limit under the Court's rules. We are endeavoring to provide you with appropriate responses. However, since I have been out of my office for most of the last three weeks and will be out of my office again for several days this week, I have not been able to provide those responses to you. We anticipate that we will be able to provide responses to you by April 29, 2005.

Sincerely,

WILLIAM K. OLIVIER
Attorney
Commercial Litigation Branch