**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| DIE CASTERS INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1113C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S CROSS-MOTION TO COMPEL DISCLOSURES**

In response to defendant's cross-motion to compel disclosures, plaintiff contends that its initial disclosures are adequate, pursuant to Rule 26(a)(1) of the Rules of the Court of Federal Claims ("RCFC"). For the reasons below, plaintiff's disclosures are not adequate. Further, plaintiff's failure to provide the required information has prejudiced defendant's ability to prepare for trial.

In addition, plaintiff has made several misstatements regarding the history of this case. Those misstatements that are relevant to this dispute are corrected below.

I. Plaintiff Has Misstated Events In This Case

In its response, plaintiff asserts that defendant has mischaracterized the cross-motions for summary judgment now pending before the Court and failed to correctly portray discussions of the parties with the Court. Plaintiff misstates the events in this case.

Plaintiff contends that, even if the Court rules upon our cross-motions for summary judgment, plaintiff’s motion for partial summary judgment only addresses one count and that discovery will be necessary for the remaining counts. Thus, plaintiff believes that there is no necessity to limit discovery prior to the Court’s ruling. Plaintiff is wrong.

Plaintiff ignores the fact that defendant’s cross-motion for summary judgment is not for partial summary judgment. If the Court rules in favor of defendant upon our cross-motion for summary judgment, plaintiff loses on all counts because defendant has no liability. Clearly, expensive and time-consuming discovery on issues that may no longer be viable is not prudent.

The Court recognized this elemental principle when it advised the parties not to travel to Ukraine until the Court has ruled upon the cross-motions for summary judgment. Plaintiff’s offer to consider a stipulation on facts that may obviate the necessity for traveling to Ukraine was nonsensical at the time it was made and remains so. Plaintiff conveniently forgets that, in response to that offer, defendant stated that it doubted plaintiff would stipulate to any facts that defendant needed to eliminate a need for travel to the Ukraine. In addition, the purpose of traveling to Ukraine for discovery is just that, for discovery. If defendant knew all the facts it needed to properly defend this case, we still doubt that plaintiff would stipulate

to them. But, defendant does not know all the facts and we believe that there are witnesses in Ukraine who can elucidate us.

For example, plaintiff complains that defendant prevented it from consummating a joint venture agreement with Burevestnik, its proposed joint venture partner in Ukraine, by taking, in 2001, the equipment stored in Moldova and shipping it to Burevestnik. As absurd as this assertion is, it does not explain why plaintiff did not ship the equipment to Burevestnik in 1998, when the contract performance period ended and when plaintiff stated in writing that it did not need any more money from the United States to complete the contract. It also does not explain what plaintiff was doing between 1998 and 2001 to consummate the joint venture partnership with Burevestnik. All plaintiff has said is that it is defendant's fault. Clearly, it is not. If the facts that plaintiff is willing to stipulate to in order to avoid a trip to Ukraine are "defendant's fault," it should be no wonder to the Court that defendant is not willing to so stipulate.

Defendant wants to know from Burevestnik what Burevestnik believes was the problem in consummating a joint venture agreement with plaintiff. Defendant also wants to know from Meridian, plaintiff's first failed proposed joint venture partner why that joint venture agreement failed to come to fruition. Clearly, the reason given by plaintiff, that Meridian did not meet its needs, is insufficient. If Meridian did not meet

plaintiff's needs, plaintiff should not have selected Meridian in the first place. There must be something more to it than that.

In addition, the parties have been unable to agree upon the value of the equipment in dispute. Therefore, defendant needs to have its experts travel to Ukraine to value the equipment. As a result, plaintiff's statement that it may be willing to stipulate to facts in order to avoid a trip to Ukraine is absolutely disingenuous. In addition, the expense of hiring the experts and the expense of traveling to Ukraine are both expenses that defendant will not have to incur if the Court rules in its favor upon our cross-motion for summary judgment.

Further, plaintiff states that defendant has not taken even one deposition so far in this case. Plaintiff is correct. But the reason for that is not to delay the litigation or to justify without foundation a request to extend discovery. The reason is that plaintiff had not provided us with sufficient information to conduct depositions prior to this time.

Defendant served interrogatories upon plaintiff in January 2005 asking for the addresses and telephone numbers of several potential witnesses that formerly worked for plaintiff. These individuals are relevant because they are the ones that advised the contracting officer early in the contract performance period that plaintiff could not perform the contract and that they were leaving plaintiff. In response to our interrogatories, plaintiff

provided accurate and complete information for only one of the four individuals requested. For two individuals, plaintiff provided no telephone number. For one of those individuals for whom no telephone number was provided, plaintiff provided only a post office box number. And for one other individual, plaintiff provided information that was not valid at all. Defendant cannot subpoena individuals based upon that information and we are still investigating the location of these potential witnesses.

Also, defendant had planned to depose these individuals in reasonable proximity of time to each other. Since all the individuals purportedly were in the Washington, D.C. vicinity, defendant's plan to consolidate depositions would have been most economical for plaintiff and plaintiff's counsel, who must travel to Washington, D.C. from New Jersey and New York, respectively. Defendant also planned to take the deposition of plaintiff's president after the depositions of the former employees. The other potential depositions may all be in Ukraine or Moldova, an expense that we do not want to incur until the Court rules upon our cross-motion for summary judgment, as the Court has cautioned us. Therefore, if plaintiff wanted to avoid requiring defendant to seek an extension of discovery, plaintiff should have been more cooperative in discovery so far.

Accordingly, defendant did not make any misstatements or mischaracterize events in this litigation. Plaintiff did.

II. Plaintiff Failed To Provide Adequate Initial Disclosures

As we demonstrated in our cross-motion to compel disclosure of information, plaintiff's failures in its initial disclosures are two-fold. For its list of witnesses, plaintiff identified 40 witnesses, but provided no indication of the relevance of each witness to any issue in the case. Def. App. 11-14.[1] Plaintiff's response is that it described the topics of each witness as "'the issues raised in the pleadings.'" Pl. Res. at 4[2] (quoting from its initial disclosures). Plaintiff's response is ludicrous. Plaintiff's generic list of witnesses would require us to depose every single witness on every single issue raised by the complaint. Such a disclosure is no disclosure at all and clearly violates RCFC 26.

Further, plaintiff does not even bother to explain why it did not provide the additional information required by RCFC 26, to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses . . . identifying the subjects of the information." RCFC 26(a)(1)(A) (emphasis added). Clearly, plaintiff's list of

[1] "Def. App." is a citation to the appendix attached to our cross-motion.

[2] "Pl. Res." refers to plaintiff's combined response to our cross-motion to compel disclosures and reply upon plaintiff's motion to compel disclosures.

witnesses in its initial disclosures is deficient for failure to identify either the addresses and telephone numbers or the subject matter of their alleged knowledge.

In addition, plaintiff does not even bother to explain why it failed to provide any more than a generic description of categories of documents, e.g., "correspondence, memos, or faxes," with no effort to identify the documents or to provide copies of the documents upon which plaintiff intended to rely to support its claim. Def. App. 8. As we demonstrated in our cross-motion to compel disclosures, RCFC 26(a)(1)(B) clearly requires a party to provide "a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses . . . ." However, plaintiff failed to identify any particular document or category of documents so that someone could discern to what issue in this dispute the documents related, if any. As we stated, plaintiff's initial disclosures are tantamount to saying, "here's a haystack, find the needles."

Therefore, plaintiff's disclosures do not meet the intent of RCFC 26(a)(1) because these disclosures fail to provide any early disclosure of meaningful evidence that is the basis for the rule. In other words, plaintiff's disclosures do not reduce the need for discovery, but expand it.

Accordingly, defendant requests that the Court order plaintiff to provide full and complete disclosure by specifying the documents that plaintiff intends to rely upon to prove its case and a list of witnesses that plaintiff believes have discoverable information, with the subject of their knowledge, in accordance with the specific requirements of Rule 26.

## CONCLUSION

For the foregoing reasons and the reasons in our cross-motion to compel, defendant respectfully requests that the Court order plaintiff to provide complete and accurate informatio in its initial disclosures, as required by RCFC 26.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ *Mark A. Melnick*
by /s/ *Donald E. Kinner*
MARK A. MELNICK
Assistant Director

OF COUNSEL:

DAVID C. RICKARD
Deputy General Counsel
Blane B. Lewis
Associate General Counsel
Defense Threat Reduction
Agency

/s/ *William K. Olivier*
WILLIAM K. OLIVIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-6288
Fax: (202) 514-7965
Email: william.olivier@usdoj.gov

Attorneys for Defendant

Dated: June 10, 2005