IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DIE CASTERS INTERNATIONAL, INC., Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 04-1113C (Judge Braden) |

MOTION TO STAY DISCOVERY OR,
IN THE ALTERNATIVE, TO EXTEND THE DISCOVERY DEADLINES

Defendant respectfully moves to stay discovery or, in the alternative, to extend the discovery deadlines by eight months for the following reasons: defendant's counsel has only recently been assigned to this matter and requires additional time to review documents and retain experts; a dispositive motion is pending that may resolve this matter; motions to compel discovery have been filed by both parties to this litigation; and more time is required in order to make the necessary arrangements to conduct discovery in the Ukraine.[1] According to the current discovery schedule, fact witness discovery is to be completed by July 1, 2005, and expert witness discovery by August 31, 2005. Defendant's counsel has discussed this matter with counsel for Die Casters and he has indicated that he will oppose the granting of this motion.

PROCEDURAL HISTORY

The complaint in this matter, seeking approximately $113,000,000 in damages from the United States, was filed on July 6, 2004. The answer was filed on September 19, 2004, and the JPSR on November 8, 2004.

---

[1] Defendant's counsel has been made aware that the trip to the Ukraine was not previously undertaken by prior counsel based on his understanding that the Court had discouraged such a trip because of the pendency of the dispositive motions.

On September 19, 2004, plaintiff, Die Casters International, Inc. ("Die Casters"), filed a motion for partial summary judgment which was subsequently amended. On November 18, 2004, defendant filed a response to Die Casters' amended motion for partial summary judgment and a cross-motion for summary judgment. On December 6, 2004, Die Casters filed a reply to defendant's response to motion for partial summary judgment and an opposition to defendant's cross motion for summary judgment. On December 23, 2004, defendant filed its reply to Die Casters' response to Die Casters' amended motion for partial summary judgment and cross-motion for summary judgment.

On January 7, 2005, a stipulation regarding the discovery plan was filed.

On January 18, 2005, the scheduling order was entered, setting July 1, 2005, as the deadline for the completion of fact witness discovery and August 31, 2005, as the deadline for the completion of expert witness discovery.

Subsequent to the entry of the scheduling order, a motion to compel was filed by Die Casters on April 29, 2005. On May 16, 2005, defendant filed a response to Die Casters motion to compel and a cross-motion to compel disclosures.

On June 6, 2005, Die Casters filed its reply to defendant's response to its motion. On June 10, 2005, defendant filed its reply to Die Casters' response to motion re to compel and cross-motion to compel.

ARGUMENT

After being assigned responsibility for this matter,[2] defendant's counsel began the process of reviewing the voluminous documents in this case; conferring with fact witnesses, and

---

[2] Previously assigned counsel is leaving Government service.

retaining expert witnesses in the areas of die casting equipment valuation, business planning, and damages. Because of the nature of this case, involving as it does the planned conversion of a military facility in the Ukraine to a commercial entity, retaining experts has required more time than usual. Moreover, defendant's counsel has put in motion the initial steps necessary to obtain the required authorizations and country clearances in preparation for a trip to the Ukraine. Among other reasons, such travel is imperative in order for the appraiser to determine the present and past value of the die casting equipment that is at issue in this matter, and for our business planning and damages experts to evaluate Die Casters' claim for approximately $109,000,000 in lost profits. In addition, and importantly, until defendant's counsel fully understand the underlying facts in this matter, defendant's counsel is unable to determine in an objective and well-reasoned manner the relative merits of Die Caster's position, and preparing an appropriate response.

Moreover, generally when a dispositive motion is pending, no discovery is permitted unless expressly authorized by the Court for the purpose of taking depositions or conducting discovery to determine facts essential to justify a party's opposition to such motion. See RCFC 56(g); see generally, 10A C. Wright, A. Miller., M. Kane, Federal Practice and Procedure §§ 2740-2741 (2d ed. 1983). Here, however, the parties agreed to a discovery schedule after the dispositive motions had been filed. Nevertheless, Die Casters had no reason to expect at the time the motions were filed that discovery would be permitted. In addition, the Government did not notice any depositions until a month before the deadline for the completion of fact witness discovery because it was the understanding of Government counsel that the Court would rule on

the dispositive motions by the middle of April 2005.[3]

Finally, motions to compel discovery are pending. Thus, depending on the resolution of the issues raised in those motions, additional discovery might be warranted.

Since either staying discovery or extending the discovery deadlines is in the interest of ensuring that this Court, if this matter proceeds to trial, is provided with all the evidence necessary to the just resolution of this matter, defendant respectfully urges the Court to grant the relief requested. Accordingly, the Court should stay the proceedings until the dispositive motions have ben decided or, in the alternative, extend the discovery deadlines by eight months.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Mark A. Melnick.
MARK A. MELNICK
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Washington, D.C. 20530

June 17, 2005

Attorneys for Defendant

---

[3] Prior counsel canceled the deposition of Alan Frederickson, the president to Die Casters, when Mr. Frederickson's counsel would not agree to having the deposition in Washington, D.C. Because of prior counsel's commitments involving the transfer of his other cases prior to his departure from the Department of Justice, he was unable to make the time to conduct the deposition in New York.