IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DIE CASTERS INTERNATIONAL, INC., Plaintiff, | ) | No. 04-1113C (Judge Braden) |
| - against - | ) | |
| THE UNITED STATES, Defendant. | ) | |

**<u>PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE THE TESTIMONY OF MS. JORASLAWA Z. JOHNSON AND ALL EVIDENCE OF ANY ALLEGED LEGAL IMPEDIMENT TO DCI'S CONSUMMATION OF A JOINT VENTURE IN UKRAINE</u>**

Pursuant to Rule 37(c)(1) of the Rules of the United States Court of Federal Claims ("RCFC") and RCFC 26 (a)(2)(A), (B) and (C), Plaintiff, Die Casters International, Inc. ("DCI"), respectfully moves this Court *in limine* for an order precluding the testimony of Defendant's expert, Ms. Joraslawa Z. Johnson, and all evidence offered by Defendant in support of its contention that legal impediments in Ukraine made it highly unlikely that the joint venture between DCI and Burevestnik could ever have been consummated. DCI seeks an order *in limine* for the reasons set forth below.

Defendant's designation of Ms. Johnson as an expert is untimely, and violates RCFC 26 (a) and this Court's Amended scheduling Order. These violations are not harmless. Plaintiff did not receive the required prior notice of Defendant's intention to call Ms. Johnson as an expert witness, did not receive an expert report from her, has not had an opportunity to depose her or otherwise obtain discovery regarding the issues she intends to address at trial, and has been precluded from adequately and timely preparing

to rebut her testimony. This court, therefore, should preclude Defendant from offering the testimony of Ms. Johnson, and any evidence regarding the legal requirements related to the formation of a joint venture in Ukraine, on the basis that Defendant failed to timely produce the required expert disclosures pursuant to RCFC 37(c)(1) and the Amended Scheduling Order.

## PRELIMINARY STATEMENT

Pursuant to this Court's Amended Scheduling Order filed June 30, 2005, all expert discovery, including the exchange of expert reports and the completion of expert depositions, were scheduled to be completed on or before September 14, 2005. Trial of this lawsuit is scheduled to begin on November 14, 2005.

On October 6, 2005, Defendant submitted its witness list. Ms. Jaroslawa Z. Johnson is named in the witness list as an expert who the Defendant expects to testify regarding the legal requirements related to the formation of a joint venture in Ukraine, the contribution of capital in exchange for an equity ownership interest, control rights of ownership, and the investment climate in Ukraine during the relevant time periods.

Prior to the Defendant's submission of the witness list, Defendant had not disclosed that Ms. Johnson was one of its expert witnesses and did not provide an expert report with respect to Ms. Johnson. Moreover, Plaintiff had no idea that Defendant intended to contend at trial that legal impediments in Ukraine made it highly unlikely that the joint venture between DCI and Burevestnik could ever have been consummated. Because of Defendant's failure to make these required disclosures, Plaintiff has obtained absolutely no discovery with regard to this witness or the issues she intends to raise.

**ARGUMENT**

RCFC 37(c)(1) states:

> A party that without substantial justification fails to disclose information required by RCFC 26(a) or 26(e)(1), ..., is not, unless such failure is harmless, permitted to use as evidence at trial ........any witness or information not so disclosed.

RCFC 26(a)(2)(C) directs that expert disclosure, including expert reports, be disclosed as directed by the Court.

In the instant case, pursuant to this Court's Amended Scheduling Order, Defendant should have identified Ms. Johnson as an expert and furnished her written report on or before August 14, 2005 so that all expert discovery could be completed on or before September 14, 2005. Rather than comply with this Court's Order, Defendant first disclosed Ms. Johnson as an expert in its witness list on October 6, 2005, almost a month after the close of all discovery.

Defendant violated RCFC 26(a)(2)(A), (B)and (C) by identifying Ms. Johnson as an expert after the close of discovery, and by failing to furnish a report of the opinions to be expressed by Ms. Johnson and the basis and reasons therefor. Information derived from an expert witness is subject to exclusion because the identity of the expert witness and information pertaining to their expected testimony must be provided to the opposing party at the times and in the sequence directed by the court. See *Lencco Racing Co. v. Jollife*, 1999 U.S. App. LEXIS 14239 (Fed Cir. 1999).

The Federal Circuit does not appear to have delineated the sanctions available for violations of RCFC 26 and 37. See *Tritek Technologies, Inc. v. United States*, 63 Fed. Cl.

740 (2005). Other Circuit Courts that have applied the RCFC 37 counterpart in the Federal Rules of Civil Procedure have held that the sanction of exclusion is automatic and mandatory, unless the sanctioned party can show that its violation of Rule 26 was either justified or harmless. See *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996); *Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998). The burden is on the party facing the sanctions to prove that the violation was justified or harmless. See *Wilson v. Bradlees of New England*, 250 F.3d 10, 21 (1st Cir. 2001).

In determining whether a failure to disclose can be considered justified or harmless, the Circuit Courts have developed multi-pronged tests that address some combination of the following factors: (1) surprise to the party against whom the evidence would be offered; (2) the importance of the information withheld; and (3) the explanation for the failure to disclose the information. See *Tritek Technologies, Inc. v. United States*, (*supra.*) citing *S. States Rack & Fixture, Inc. v. Sherwin Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003); *Woodworker's Supply Co. v. Principal Mutual Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999); *Reilly v. Natwest Mkts. Group Inc.*, 181 F.3d 253, 269 (2d Cir. 1999).

**Surprise**

Plaintiff first learned of Defendant's intention to call Ms. Johnson as an expert on Ukrainian law when Defendant served its witness list, after the expert disclosure deadlines had passed. It appears from Defendant's Proposed Conclusions of Law (¶¶ 35-39) that Ms. Johnson will testify that the joint venture between Plaintiff and Burevestnik could never have been consummated because of legal impediments under Ukrainian law.

No discovery was provided by Defendant on this issue and Plaintiff is accordingly unprepared to analyze and respond to such intended expert testimony.

At this late stage in the proceedings, and with trial scheduled to commence on November 14, 2005, Plaintiff finds it most difficult, if not impossible, to locate and retain an expert on Ukrainian Law to rebut such testimony. Plaintiff should not be placed in the predicament of doing so just because Defendant ignored the clear mandates of the Amended Scheduling Order and the Rules of Procedure.

The Defendant's attempt to slip such expert testimony into this case, without any prior notice or disclosure on the eve of trial is a great surprise to Plaintiff and, for obvious reasons, highly prejudicial.

**Importance of Withheld Information**

It appears that Defendant intends to utilize Ms. Johnson's testimony to contend at trial that its actions were not the proximate cause of the Plaintiff's damages. Defendant did not advance this contention that legal impediments in Ukraine made it highly unlikely that DCI and Burevestnik could ever have been consummated until after the close of discovery. Since this contention challenges all of the Plaintiff's claimed damages, its importance to the case is evident.

**Explanation for the Failure to Provide the Information**

Defendant cannot provide an adequate explanation for its failures here. The alleged legal impediments that would be the basis of Ms. Johnson's testimony allegedly existed between 1992 and 1999, long before this litigation commenced, so Defendant

cannot claim that these are newly discovered facts. The deadlines for expert disclosure are clear and have been established for some time now.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion *in Limine* should be granted. Defendant's expert, Ms. Joraslawa Z. Johnson, should be precluded from testifying, and Defendant should be precluded from offering any evidence in support of its contention that legal impediments in Ukraine made it highly unlikely that the joint venture between DCI and Burevestnik could ever have been consummated.

Respectfully submitted,

GOLDBERG & CONNOLLY

By: ______________________
Gary Marcus
Attorneys for Plaintiff
66 North Village Avenue
Rockville Centre, New York 11570
(516) 764-2800
(516) 764-2827 (Facsimile)