IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DIE CASTERS INTERNATIONAL, INC., Plaintiff, | ) | No. 04-1113C (Judge Braden) |
| - against - | ) | |
| THE UNITED STATES, Defendant. | ) | |

GARY MARCUS, ESQ., pursuant to 28 U.S.C. § 1746, hereby declares under the penalty of perjury as follows:

1. I am associated with Goldberg & Connolly, counsel for the Plaintiff herein, and submit this declaration in support of Plaintiff's Motion *in limine* for an order precluding Defendant from offering the expert testimony of Ms. Jaroslawa Z. Johnson or introducing into evidence any testimony or documents regarding the legal requirements related to the formation of a joint venture in the Ukraine.

2. By this Court's Amended Scheduling Order filed June 30, 2005, all expert discovery, including the exchange of expert reports and the completion of expert depositions, was to be completed on or before September 14, 2005. A copy of the Amended Scheduling Order is annexed hereto as Exhibit A.

3. On or about October 6, 2005, Defendant submitted its witness list, a copy of which is annexed hereto as Exhibit B.

4. As can be seen from Defendant's witness list, Defendant has listed Ms. Jaroslawa Z. Johnson as an expert expected to testify on its behalf regarding the legal requirements related to the formation of a joint venture in Ukraine, the contribution of

capital in exchange for equity ownership interest, control rights of ownership and the investment climate in Ukraine during the relevant time periods.

5. It was only when I received a copy of Defendant's witness list that Plaintiff and I first realized that Defendant intends to call an expert on Ukrainian law regarding Plaintiff's ability under Ukrainian law to form joint ventures contemplated by the parties, as well as other aspects of Ukrainian law, in an apparent effort to rebut Defendant's liability and Plaintiff's damages.

6. On or about October 17, 2005, Defendant also submitted its Proposed Conclusions of Law, a copy of which is annexed hereto as Exhibit C.

7. As can be seen from Exhibit C (at ¶¶ 35-39), Defendant intends to contend at trial that legal impediments in Ukraine made it unlikely that the proposed joint venture between DCI and Burevestnik could ever have been consummated.

8. It comes as a complete surprise to Plaintiff that Defendant at trial intends to introduce such alleged evidence of Ukrainian Law on the formation of joint ventures.

9. As it did for its other experts, Defendant could have disclosed Ms. Johnson as its expert on Ukrainian law and provided an expert report, prior to the conclusion of expert discovery, setting forth the opinions to be expressed by her.

10. Defendant's untimely designation of Ms. Johnson and failure to provide the relevant discovery violates this Court's Amended Scheduling Order and RCFC 26 (a) (2).

11. Plaintiff will be prejudiced by Ms. Johnson's testimony because at this stage of the proceedings and with trial scheduled to begin on November 14, 2005

Plaintiff does not have sufficient time to retain an expert on Ukrainian law to rebut Ms. Johnson's testimony.

12. Plaintiff's violation of RCFC 26(a) (2) and this Court's Order is not harmless because Plaintiff's contention that DCI could not have consummated the joint venture with Burevestnik is a direct challenge to Defendant's liability to Plaintiff for breach of contract and resultant damages.

13. It is in the interest of justice to preclude Ms. Johnson's testimony. Any other result would reward Defendant for its clear and inexcusable disregard for clear and well-established expert witness disclosure requirements and would unjustly compromise Plaintiffs ability to conduct a full and fair trial of its claims.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 31, 2005.

Gary Marcus