IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DIE CASTERS INTERNATIONAL, INC., Plaintiff, | ) | No. 04-1113C (Judge Braden) |
| - against - | ) | |
| THE UNITED STATES, Defendant. | ) | |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE THE TESTIMONY OF MS. JAROSLAWA JOHNSON AND ALL EVIDENCE OF ANY ALLEGED LEGAL IMPEDIMENTS TO DCI'S CONSUMMATION OF A JOINT VENTURE IN UKRAINE**

Plaintiff respectfully submits this reply in further support of its motion *in limine* to preclude the testimony of Ms. Jaroslawa Johnson and all evidence of any alleged legal impediments to DCI's consummation of a joint venture in Ukraine.

Now that Defendant has explained in greater detail the topics on which it intends Ms. Johnson to testify, there are even more reasons to exclude her testimony.

**ARGUMENT**

**Ms. Johnson Is Listed As An Expert Witness On Defendant's Witness List.**

Defendant incredibly contends that the Court should ignore Plaintiff's motion because Ms. Johnson could just as easily be a fact witness. The fact is that she was listed as an expert witness and no expert disclosure was ever produced by the Defendant for Ms. Johnson as required by the scheduling order and applicable rules. The Defendant does not offer any reason for these failures and, on this basis alone, Ms. Johnson should be precluded from offering expert testimony on any topic.

**<u>Ms. Johnson Cannot Testify As To The Legal Effect Of Ukrainian Law As Applied To The Facts Of This Case.</u>**

Pursuant to RCFC 44.1, the substance of foreign law is a question of law to be determined by the court. *DP Aviation v. Smiths Indus. Aerospace & Def. Sys.*, 268 F.3d 829, 846 (9th Cir. 2001). The usual method for presenting foreign law is expert testimony accompanied by extracts from foreign legal materials. *See, Jinro Am. v. Secure Invs., Inc.*, 266 F.3d 993, 1000 (9th Cir. 2001).

As can be seen from the Defendant's opposition papers, Defendant intends to have Ms. Johnson testify that under Ukrainian Law Plaintiff could not have formed a joint venture with Burevestnik until it was privatized and that Burevestnik could not have been privatized under Ukrainian Law. (Defendant's Brief, pp. 5-6). Defendant also plans to have her testify that under Ukrainian Law Plaintiff could not have received the equity interest and controlling rights in the joint venture as it had planned. (Defendant's Brief, pp. 6-7).

This proposed testimony goes beyond presenting what the substance of Ukrainian Law was at the relevant times and is impermissible expert opinion testimony as to what legal conclusion should result from the application of such laws to the facts presented. In addition to being impermissible because Defendant did not comply with the expert disclosure requirements for Ms. Johnson, such testimony is more seriously impermissible because it goes to an ultimate legal conclusion that can only be determined by the trial judge. Under RCFC 44.1, the determination of the content of foreign law is an issue of law to be determined only by the court. In addition, the effect of foreign as applied to the facts of a case is an ultimate legal conclusion outside the province of an expert that can

only be made by the court, just like another other legal conclusion or legal instruction given to a jury. *See, In re Rezulin Prods. Liab. Litig.* , 309 F. Supp.2d 531 (SDNY, 2004); *see also Marx & Co. v. Diner's Club, Inc.*, 550 F.2d 505 (2d Cir. 1977) (Expert advising the court on questions of law is grounds to exclude such testimony).

**Defendant Admits That Ms. Johnson Does Not Have Personal Knowledge As To Her Fund's Rejection Of Plaintiff's Request For Capital.**

Defendant states in its opposition papers that Ms. Johnson is expected to testify as to why the Western NIS Enterprise Fund (the "Fund") rejected Plaintiff's request for capital. (Defendant's Brief, p. 4). First of all, such testimony is a waste of time because Plaintiff does not dispute that this Fund denied its request for capital in 1996 and 1997. Secondly, Defendant admits that Ms. Johnson was not "directly" involved in the Fund's decision to reject DCI's application for capital and does not have personal knowledge of such facts. There admittedly then is no factual basis for her proposed testimony.

To the extent Defendant intends to have Ms. Johnson testify that Plaintiff never would have received capital from the Fund, such testimony is impermissible because she has admitted that she does not have personal knowledge about Plaintiff's application. It is also impermissible because such testimony would be expert opinion testimony, for which Defendant failed to supply the required expert disclosures. This testimony would also be duplicative and a waste of time as the Defendant has already designated other expert witness(es) who will testify on this topic.

**CONCLUSION**

For the foregoing reasons, DCI's motion *in limine* to preclude the testimony of Ms. Johnson should be granted.

Dated: Rockville Centre, New York
November 4, 2005

Respectfully submitted,

GOLDBERG & CONNOLLY

By: ______________________

Gary Marcus
Attorneys for Plaintiff
66 North Village Avenue
Rockville Centre, New York 11570
(516) 764-2800
(516) 764-2827 (Facsimile)