IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DIE CASTERS INTERNATIONAL, INC., Plaintiff, | ) | No. 04-1113C (Judge Braden) |
| -against - | ) | |
| THE UNITED STATES, Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION ON THE ADMISSIBILITY OF DAVID L. KONICK, ESQ.'S ANALYSIS OF THE VIABILITY OF PLAINTFF'S BUSINESS PLAN**

Plaintiff respectfully submits this opposition to Defendant's motion on the admissibility of David L. Konick, Esq.'s Memorandum, dated March 6, 1996 (the "Konick Memorandum") analyzing Plaintiff's September 1994 Business Plan or an Executive Summary of some DCI business plan. (The Konick Memorandum refers to both documents although only the September 1994 Business Plan is attached to Mr. Konick's declaration filed in conjunction with this motion.)

The memorandum is not admissible and should be precluded because (1) it is irrelevant as it analyzes a business plan that is materially different from the business plan upon which Plaintiff bases its claims in this action and (2) is protected from disclosure by the attorney-client privilege, which privilege was not waived as contended by Defendant.

## ARGUMENT

**The Konick Memorandum Is Irrelevant.**

The business plan that is the basis for Plaintiff's claims in this action was prepared in September 1997. That business plan anticipates that Plaintiff would initially improve one facility that was under the control of Burevestnik and Technomet.

The business plan that is the subject of the Konick Memorandum was prepared in September 1994 and anticipates that Plaintiff would invest in and improve three facilities, to wit: Korolev, Mayak and Fiolent. The September 1994 business plan was later replaced with a new plan in 1996 after Meridian was selected as the Ukrainian joint venture partner, and then again in 1997 when Burevestnik and Technomet were approved as the new Ukrainian joint venture partners.

Each time these business plans were prepared they were each based upon substantially different business structures, different joint venture partners with different assets, expertise and capabilities, and, therefore, each plan was subject to its own, differing sets of assumptions. Mr. Konick's analysis is, therefore, totally irrelevant to the claims at issue because his analysis is based upon a business plan that is not the one that was ultimately utilized by Plaintiff under its contract with Defendant and is not the one that is the basis for Plaintiff's claims.

The Konick Memorandum is being offered into evidence by Defendant as a "smoke and mirrors" tactic in order to get Mr. Konick on the stand so he can personally berate Plaintiff's President Alan Frederickson. Mr. Konick has no probative testimony to offer. His testimony, just to attack Mr. Frederickson's character, would be unduly prejudicial and should be excluded in the proper exercise of this court's discretion. *See, Lamb Enterprises, Inc. v. The Toledo Blade Co.*, 461 F.2d 506, 516 (6th Cir. 1972).

**<u>The Konick Memorandum is Privileged.</u>**

It is not disputed that at the time the memorandum was written by Mr. Konick that he was Plaintiff's in-house counsel nor is it (or can it rationally) be disputed that Mr.

Konick's duties and responsibilities while employed with Plaintiff included rendering legal advice to Plaintiff and its officers and directors. Defendant argues that the Konick Memorandum is not privileged because (i) it was only based upon the September 1994 business plan, which cannot contain privileged information because that plan was disclosed to third parties and (ii) Mr. Konick did not render legal advice in his Memorandum. Both of these contentions are factually incorrect.

The attorney-client privilege protects not only the giving of professional advice to those who can act on it, but also the giving of information to the lawyer to enable him to give sound and informed advice. *In re Spalding Sports Worldwide, Inc.*, 303 F.3d 800, 805 (Fed.Cir. 2000) *citing Upjohn Co. v. United States*, 449 U.S. 383, 396 (1981).

The Konick Memorandum explains the standards that must be met to ensure that private placement memorandum is not false and misleading, applies these standards to the September 1994 business plan and then explains Mr. Konick's legal conclusions and advice regarding this analysis. The Konick Memorandum states that based on "the preliminary evaluations of technical/engineering and legal matters that Bob Engh and I [Mr. Konick] made in February, it is advisable to rethink many of the short and mid-terms goals and objectives in the Business Plan."

It is evident that Mr. Konick's advice was based upon confidential information obtained by Mr. Konick from his co-workers and other employees of Plaintiff, and not just from the content of the September 1994 business plan as contended by Defendant.

The Konick Memorandum itself reveals, directly and indirectly, the substance of these confidential communications between Mr. Konick and Plaintiff's representatives For example, Mr. Konick states "[t]o my knowledge, we have no back-up documentation

that establishes the basis for costs." He could not have had this knowledge without this confidential information being revealed to him by employees of Plaintiff. He used this information in the context of rendering advice to Plaintiff, and this and other confidential information is disclosed in the Konick Memorandum in the course of his explaining therein his legal advice to Plaintiff. Accordingly, the Konick Memorandum is subject to the attorney-client privilege. *See American Standard Inc. v. Pfizer, Inc.*, 828 F.2d 734, 745 (Fed. Cir. 1987).

**Plaintiff Did Not Disclose The Konick Memorandum To Third Parties.**

Defendant wrongly concludes that, because it obtained the Konick Memorandum in response to a subpoena issued to Tymac, the Konick Memorandum was disclosed to third parties and the privilege was waived. While Mr. Mickowski was a director of Plaintiff and a listed recipient of the Konick Memorandum, he was also a director and owner of Tymac. The Konick Memorandum was only circulated to officers and directors of Plaintiff. Plaintiff can only surmise that Mr. Mickowski erroneously delivered a copy of the Memorandum in response to a subpoena to Tymac, the error being that it was not a Tymac document and, therefore, not responsive to the subpoena. As there was no intentional or known disclosure by Plaintiff to third parties, the attorney-client privilege was not waived.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court find that the Konick Memorandum is protected from disclosure by the attorney-client privilege and is inadmissible in evidence, as is any testimony by Mr. Konick regarding this memorandum and/or the contents thereof.

Dated: Rockville Center, New York
November 4, 2005

Respectfully submitted,

GOLDBERG & CONNOLLY

By: ______________________
Gary Marcus

Attorneys for Plaintiff
66 North Village Avenue
Rockville Centre, New York
(516) 764-2800
(516) 764-2827 (Facsimile)