**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**DIE CASTERS INTERNATIONAL, INC**

Plaintiff,

v.

**No. 04-1113C**
**(Judge Braden)**

**UNITED STATES OF AMERICA,**

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**DECLARATION OF GARY MARCUS IN OPPOSITION TO DEFENDANT'S**

**MOTION FOR COSTS**

1. I am the Attorney of Record for the Plaintiff in the above referenced matter and make this declaration in opposition to Defendant's Motion for Costs.

2. The Honorable Vitaly I. Maiko in his individual capacity as a former General Director of Burevesnik, and not in his capacity of a Deputy Minister of the Verkhovna Rada, was called as a witness by the Plaintiff. (Lester Declaration ¶4 and Memorandum Opinion and Order page 36.)

3. Mr. Maiko was not identified by the Defendant as a witness, as required, in any of Defendant's mandatory disclosures. Defendant only identified Mr. Maiko as a witness in its Witness List filed on October 6, 2005, less than 45 days prior to the commencement of the trial. Furthermore, by the time Defendant finally identified Mr. Maiko as a witness, all discovery was to have been completed by July 29, 2005 (see Scheduling Order filed January 18, 2005 as amended by Scheduling Order filed June 30, 2005) some 60 days prior to that time. At that point Plaintiff was virtually precluded from deposing Mr. Maiko because of time and financial constraints.

4. Prior to trial, there were a number of conversations among Counsel and the Court concerning Mr. Maiko and the other newly disclosed Defendant witnesses that resided in the Ukraine and Moldova. These conversations included transferring this matter to another judge and holding all or a portion of the trial in the Ukraine. Plaintiff rejected this suggestion since it did not have the resources to pay for the significant additional expense. It was Plaintiff's position that although we would give the Defendant certain latitude with respect to this testimony, in no event would we waive our right to cross examine these witnesses. In lieu of producing these witnesses, Defendant elected to submit Declarations of these witnesses for their direct testimony and to use a video conference for cross examination and redirect examination. Plaintiff, although it could, did not object to this process selected by the Defendant.

5. Although, the Defendant had the Declarations of Mr. Maiko and the other Ukrainian witnesses prepared and available prior to the trial and had agreed to supply these Declarations to the Plaintiff and the Court prior to trial, it did not do so. In fact, it only reluctantly supplied these Declarations to the Plaintiff and the Court, at trial, when the Plaintiff's Counsel brought the failure of Defendant's Counsel to comply with our agreement to the Court's attention. (Transcript pages 10, 11). When Mr. Maiko's Declaration was finally given to Plaintiff's counsel, in the middle of the trial, it was buried in an avalanche of other documents.

6. On the day that Mr. Maiko's video testimony was scheduled, Plaintiff was advised that Mr. Maiko was a very busy member of Parliament and I recall being told that he had only very limited time (20 or 30 minutes) to spare.

7. When Plaintiff's Counsel started to cross exam Mr. Maiko, it was obvious that Mr. Maiko had none of the exhibits to his Declaration and seemed to have no knowledge of them. (Transcript pages 985, 987, 988). Apparently whomever Defendant's Counsel assigned to coordinate Mr. Maiko's examination and to prepare him for his testimony, failed to supply him with the essential documents, much less review them with him. The failure of Defendant to provide Mr. Maiko with these documents precluded any meaningful cross-examination.

8. In addition to the lack of time and the Defendant's failure to supply Mr. Maiko with the critical documents, it became readily apparent that the translation of the questions from English to Russian and the answers back from Russian to English was a slow, painful and confusing process. (Transcript page 986). Once the cross examination began, it was clear that although the Defendant claims it spent 23.3 hour preparing for the video conference, little if any, was spent preparing Mr. Maiko to participate in this difficult procedure that was new to all the participants. Mr. Maiko seemed to be unfamiliar with both his Declaration and the exhibits to that Declaration.

9. Summing up the entirety of the situation, Plaintiff's Counsel recognized that there could not be any meaningful cross examination of this witness and elected to end the examination.

10. The inability of Plaintiff to obtain more meaningful testimony from Mr. Maiko was caused by the failure of the Defendant to have the exhibits to Mr. Maiko's Declaration available for him to refer to during the cross-examination by video conference and the Defendant's failure to prepare Mr. Maiko for the video conference, which was compounded by the time constraints and the awkwardness of the double translation over a video conference connection. The cross examination was not "a charade" by either Plaintiff or its Counsel by any definition of that word

and to assess costs to the Plaintiff on such a basis would be unreasonable and an abuse of the Court's discretion.

11. Finally, the costs submitted by Defendant totally lack credibility. Most of the expenses incurred were at a time when Defendant's Counsel was contemplating calling numerous Ukrainian and Moldovian witnesses. At the last minute Defendant's Counsel elected to call only Mr. Maiko. (Transcript page 981, 982). There is no indication that there was any allocation of the costs among Mr. Maiko and the other witnesses Defendant decided not to call. Additionally, it should be noted that most of the expenses claimed by the Defendant were incurred prior to Plaintiff ever seeing Mr. Maiko's Declaration.

12. The Defendant's accounting for costs also lacks credibility because there is no evidence submitted (such as invoices and evidence of payment) that backs up Mr. Lester's cryptic schedule and one really has to wonder as to the reasonableness of all the costs submitted, when a portion of the costs is a partner at a major law firm billing her time to set up a teleconference.

12. Wherefore, it is respectfully requested that the Defendant's motion for costs be denied in its entirety.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of November 2006.

_/s/ Gary Marcus_________________

Gary Marcus