# In the United States Court of Federal Claims

No. 04-1113C
Filed November 30, 2006
**TO BE PUBLISHED**

| | | |
|---|---|---|
| DIE CASTERS INTERNATIONAL, INC., Plaintiff, | * | |
| v. | * | Costs; RCFC 54(d). |
| THE UNITED STATES, Defendant. | * | |

**Gary Marcus**, Garden City, New York, counsel for plaintiff.

**Leslie Cayer Ohta,** United States Department of Justice, Washington, D.C., counsel for defendant.

## MEMORANDUM OPINION AND FINAL JUDGMENT

**BRADEN**, *Judge*.

On September 28, 2006, the court issued a Memorandum Opinion and Order determining, after a four-day trial, that Die Casters International, Inc. ("DCI") failed to establish that the United States ("Government")'s admitted breach of the Limitation of Cost Clause of the relevant contract caused any damages. *See Die Casters International Inc.*, v. *United States*, 73 Fed. Cl. 174, 191-94 (2006). The court also held that the Government did not breach the contract, when equipment purchased by DCI with Government funds was transferred by the Government to a Ukranian company. *Id*. at 194-95. In addition, the court held that the Government did not breach the implied covenant of good faith and fair dealing. *Id*. at 196-97. Finally, since the equipment at issue was the Government's property, the court held that no unconstitutional taking occurred. *Id*. at 197-98. Because the Government's September 17, 2004 Answer requested such "further relief as the Court may deem just and proper," the court left the record open to allow the Government to seek reimbursement for certain costs. *Id.* at 198-99 (citing Answer at 8).

As the court explained:

> [At trial], [t]he Government called The Honorable Vitaly I. Maiko, Deputy Minister of the Verkhovna Rada, the Ukranian Parliament, as a witness. Thereafter, the Government's counsel secured a Declaration from the Deputy Minister, wherein he discussed his knowledge of Burevestnik, of which he was General Director from May 1997 through July 2002. *See* DX 213. DCI insisted that the Declaration was not admissible without live cross examination of Deputy Minister Maiko that was absolutely critical to DCI's case and, without it, DCI would be severely prejudiced. In response, the Government's counsel went to great effort to secure the live appearance of the Deputy Minister via video conference and the services of a translator. At the trial, it became apparent that this entire undertaking was a charade and imposed unnecessary costs on the Government, not to mention the court. *See* TR 982-89.

*Id.* at 198-99; *see also Hensley* v. *Eckerhart*, 461 U.S. 424, 437 (1983) (the trial court has considerable latitude in assessing costs, because of "superior understanding of the litigation.").

On October 19, 2006, the Government filed a Motion For Costs, seeking reimbursement for "$5,145.00 in costs . . . incurred in obtaining the live testimony of Mr. Maiko." Gov't Mot. at 1. On November 3, 2006, DCI filed the Declaration of Gary Marcus, Esquire, DCI's counsel, in opposition explaining that "[t]he inability of Plaintiff to obtain more meaningful testimony from Mr. Maiko was caused by the failure of Defendant to have the exhibits to Mr. Maiko's Declaration available for him to refer to during the cross-examination by video conference and the Defendant's failure to prepare Mr. Maiko for the video conference, which was compounded by the time constraints and the awkwardness of the double translation over a video conference connection." Marcus Decl. at ¶ 10.

Pursuant to the United States Court of Federal Claims' Rule 54(d), the court may award "costs other than attorneys' fees . . . to the prevailing party." *See* RCFC 54(d); *see also Fru-Con Constr. Corp*. v. *United States*, 46 Fed. Cl. 8, 10-11 (1999) ("The Government as defendant cannot recover its costs under the EAJA, only RCFC 54(d) authorizes an award to defendant as the party prevailing against an unsuccessful claimant . . . . Although *Neal & Co.* [v. *United States*, 121 F.3d 683, 685 (Fed. Cir. 1997)] ruled that RCFC 54(d) was superseded by the EAJA in an action filed in the Court of Federal Claims, . . . the EAJA governs a plaintiffs recovery of costs, not the Government's.").

In this case, the Government is the "prevailing party." *See Die Casters International Inc.*, 73 Fed. Cl at 198. Nevertheless, the Government also must satisfy the burden both to establish entitlement and document the appropriate hours spent and hourly rates. *See Hensley*, 461 U.S. at 437. To meet that burden, the Government has proffered the October 11, 2006 Declaration of Todd Kevin Lester, a Director of Navigant Consulting Inc., the business retained by the Government to provide consulting and litigation support services; and an itemized billing statement. *See* Gov't Mot.

Ex. 1. Mr. Lester's Declaration includes costs incurred for: arranging for the court's use of specialized electronic equipment; securing a location and arranging for video conferencing capabilities in Kiev, Ukraine; coordinating with the Government regarding the preparation and schedule for Deputy Minister Maiko's testimony; and providing translation services. *See* Lester Decl. at ¶ 7. In addition, Navigant Consulting's billing statement shows 23.3 hours of service, totaling $5,145.00. *See* Gov't Mot. Ex. 1.

The court has determined that the Government has met the burden of entitlement, because DCI's insistence on having the live testimony of Deputy Minister Maiko imposed unnecessary costs on the Government. The court also has determined that the Government has met the burden of certifying that the costs were incurred and, moreover, that such costs were reasonable. For these reasons, the Government has met the requisite elements of RCFC 54(d), regarding the costs claimed in this case.

Accordingly, the Clerk of the United States Court of Federal Claims is directed to enter a final judgment in favor of the Government consistent with the September 28, 2006 Memorandum Opinion and Order and also to award the Government costs in the amount of $5,145.00.

**IT IS SO ORDERED.**

s/Susan G. Braden
**SUSAN G. BRADEN**
**Judge**